1  Monique M. Fuentes (#205501)
       (mfuentes@rdblaw.com)
2  ROSS, DIXON & BELL, LLP
   5 Park Plaza, Suite 1200
3  Irvine, California 92614-8529
   Telephone: (949) 622-2700
4  Facsimile: (949) 622-2739

5  Richard A. Simpson (*Pro hac vice*)
       (rsimpson@rdblaw.com)
6  ROSS, DIXON & BELL, LLP
   2001 K Street, NW
7  Washington, DC 20006-1040
   Telephone: (202) 662-2000
8  Facsimile: (202) 662-2190

9  *Attorneys for Defendant Continental Casualty Company, on*
   *behalf of itself and CNA Insurance Company, Inc., which is*
10 *not a legal entity*

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14 THE FOCAL POINT, LLC, a California limited    No. C07-05764 MHP
   liability company; ANDREW SPINGLER;
15 LINDA SPINGLER; G. CHRISTOPHER          **OPPOSITION OF DEFENDANT**
   RITTER; and SCOTT HILTON,               **CONTINENTAL CASUALTY**
16                                          **COMPANY TO PLAINTIFFS'**
                Plaintiffs,                **MOTION FOR PARTIAL SUMMARY**
17                                          **JUDGMENT**
             v.
18                                          [Joint Statement of Undisputed Facts,
                                            Evidentiary Objection to Spingler
19 CNA INSURANCE COMPANY, INC.;            Declaration and Evidentiary Objection to
   CONTINENTAL CASUALTY COMPANY,           Miller Declaration Filed Concurrently
20                                          Herewith; [Proposed] Order Lodged
                Defendants.                 Concurrently Herewith]
21
22                                          Date:  April 28, 2008
                                            Time:  2:00 p.m.
23                                          Dept.  15

24

25

26

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1

**TABLE OF CONTENTS**

2

Page

3    I.    INTRODUCTION ...........................................................................................1

4    II.   FACTUAL BACKGROUND...........................................................................4

     A.   The Continental Policy ..........................................................................4

5         1.    The D&O Coverage Part...........................................................5

6         2.    The Entity Coverage Part..........................................................6

7    B.   The Ward Claim......................................................................................6

     C.   Continental Denies Coverage for the Ward Claim Made Against the
8         Individual Insureds ................................................................................7

9    D.   Continental Reaffirms Its Denial of Coverage Notwithstanding the
          Individual Insured's Purported Demand For Indemnification from Focal
10        Point........................................................................................................8

     E.   Focal Point and the Individual Insureds Settle the Ward Claim..............9

11   III.  CONTINENTAL HAD NO DUTY TO PROVIDE A DEFENSE FOR THE
          WARD CLAIM ..............................................................................................10
12
     A.   Continental Had No Duty Under The D&O Coverage Part To Provide A
13        Defense For The Ward Claim................................................................11

14        1.    The D&O Coverage Part Applies to the Ward Claim ..............11

15        2.    The Insured Versus Insured Exclusion Bars Coverage for the Ward
                Claim.......................................................................................12

16   B.   There Is No Coverage For The Ward Claim Under The Entity Coverage
          Part.........................................................................................................14
17
          1.    Mr. Ward Did Not Make a Claim Against Focal Point ............15
18
                a)    Mr. Ward Explicitly Stated He Was Not Making a Claim
19                     Against Focal Point.......................................................15

                b)    Plaintiffs' Contention that Mr. Ward Made A Claim Against
20                     Focal Point Is Meritless ...............................................16

21                c)    Plaintiffs Themselves Concede that Mr. Ward was Not
                       Making a Claim Against Focal Point.............................17
22
          2.    There Is No Claim by the Individual Insureds Against Focal Point..........18
23        3.    Entity Coverage Is Not Implicated Under a "Legal Responsibility
                Theory" ...................................................................................20

24   C.   The Continental Policy Does Not Provide a Duty to Defend Based Solely
          on the Definition of "Insured Persons"................................................22

25   IV.   CONCLUSION..............................................................................................23

26

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

American Medical International v. National Union Fire Insurance Co.,
  244 F.3d 715 (9th Cir. 2001) ....................................................................12, 13

Bendis v. Federal Insurance Co.,
  958 F.2d 960 (10th Cir. 1991) ..........................................................................16

Butler v. Clarendon American Insurance Co.,
  494 F. Supp. 2d 1112 (N.D. Cal. 2007)............................................................18

Level 3 Commc'ns, Inc. v. Federal Insurance Co.,
  168 F.3d 956 (7th Cir. 1999) ............................................................................13

Mt. Hawley Insurance Co. v. Federal Savings & Loan Insurance Corp.,
  695 F. Supp. 469 (C.D. Cal. 1987) ...................................................................13

S.J. Amoroso Construction Co. v. Executive Risk Indemnity Inc.,
  2007 WL 3231741 (N.D. Cal. Oct. 30, 2007) ..................................................20

Sphinx International, Inc. v. National Union Fire Insurance Co.,
  226 F. Supp. 2d 1326 (M.D. Fla. 2002)............................................................13

Winkler v. National Union Fire Insurance Co.,
  930 F.2d 1364 (9th Cir. 1991) ..........................................................................16

## STATE CASES

Buss v. Superior Court,
  16 Cal. 4th 35 (1997).................................................................................11, 22

Denevi v. LGCC, LLC,
  121 Cal. App. 4th 1211 (2004) ...................................................................15, 21

Gray v. Zurich Insurance Co.,
  65 Cal. 2d 263 (1965) .......................................................................................22

Medill v. Westport Insurance Corp.,
  143 Cal. App. 4th 819 (2006) ...........................................................................19

Montrose Chemical Corp. v. Superior Court,
  6 Cal. 4th 287 (1993).............................................................................10, 17, 18

National Automobile & Casualty Insurance Co. v. Stewart,
  223 Cal. App. 3d 452 (1990) ............................................................................10

Southgate Recreation & Park District v. Cal. Ass'n for Park & Recreation Ins.,
  106 Cal. App. 4th 293 (2003) ...........................................................................19

# TABLE OF AUTHORITIES

**Page**

Titan Corp. v. Aetna Casualty & Surety Co.,
22 Cal. App. 4th 457 (1994) ...............................................................................10

Waller v. Truck Insurance Exchange, Inc.,
   11 Cal. 4th 1 (1995) ...........................................................................................10

## STATE STATUTES

Cal. Corp. Code § 17153 ........................................................................15, 21

Cal. Corp. Code § 17155 ..................................................................................21

## OTHER

15A Cal. Jur. 3d Corporations § 1025 (2008)....................................................21

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

# I.    **INTRODUCTION**

This case presents a classic fact pattern that insurers routinely exclude from coverage for good reason: an internal dispute among directors, officers or managers of a business. Here, one member of a limited liability company (Brian Ward) asserted a breach of fiduciary duty claim against the other members of the company (Andrew Spingler, Linda Spingler, G. Christopher Ritter and Scott Hilton, collectively, the "Individual Insureds"), who had expelled him from membership. Continental Casualty Company ("Continental"),[1] which provided insurance coverage to the Individual Insureds under the Directors & Officers Liability Coverage Part (the "D&O Coverage Part") of a multi-part Policy, properly denied coverage for the suit under the clear and unambiguous Insured v. Insured exclusion. The Individual Insureds and the company, unhappy with Continental's denial, then creatively tried to transform Mr. Ward's claim in various ways, in an attempt to avoid the clear application of the Insured v. Insured exclusion. Although Plaintiffs' attempts in this regard certainly brings confusion to an otherwise clear and routine coverage decision, there simply is no basis under the Policy or California law to support their attempts at creating coverage.

As noted, Mr. Ward, a member of The Focal Point, LLC ("Focal Point"), asserted a claim against other members of Focal Point for an alleged breach of fiduciary duty (the "Ward Claim"). These individual members then requested and received indemnification from Focal Point for the cost of defending the Ward Claim. Coverage for this type of claim, if any, would be found under the D&O Coverage Part of the Policy that Continental issued. Specifically, as discussed in detail below, the D&O Coverage Part provides coverage both for individual members *and* for Focal Point with respect to claims made against individual members based on **Wrongful Acts**, as defined in the D&O Coverage Part. If Focal Point does not indemnify the Individual Insureds for the claims made against them, then the Insuring Agreement specifies that Continental will pay

---

[1] On March 4, 2008, Continental filed a stipulation and [proposed] order executed by all parties requesting a dismissal of "CNA Insurance Company" because there is no such legal entity. To date, the Court has not entered an order dismissing CNA. Continental respectfully submits this Opposition to Plaintiffs' motion for partial summary judgment on behalf of itself and, to the extent required, on behalf of "CNA Insurance Company."

1    **Loss** (which includes defense costs) on behalf of the Individual Insureds.   On the other hand, if

2    Focal Point indemnifies or is required to indemnify the Individual Insureds, then the Insuring

3    Agreement specifies that Continental will pay **Loss** on behalf of Focal Point to cover its costs of

4    indemnifying the individual members.

5         Although coverage for the Ward Claim, if any, would lie within the D&O Coverage Part,

6    like virtually all Directors and Officers liability policies, the D&O Coverage Part includes an

7    Insured v. Insured exclusion that bars coverage for claims made by one insured against another

8    insured; for obvious reasons, insurers do not want to become involved in internal disputes among

9    members of management.  Here, the Insured v. Insured exclusion of the D&O Coverage Part

10   unambiguously bars all coverage for the claim by Mr. Ward, who is an insured, against the

11   Individual Insureds, who are also insureds.  Coverage is barred under this exclusion, regardless of

12   whether that coverage is sought directly by the Individual Insureds or by Focal Point based on its

13   indemnification of the Individual Insureds.

14        Apparently recognizing that they cannot get past the clear application of the D&O

15   Coverage Part Insured v. Insured exclusion, Focal Point and the Individual Insureds (collectively,

16   "Plaintiffs") set out on a course to manufacture coverage by any means possible.  Most

17   significantly, Plaintiffs attempt to create coverage under the Entity Coverage Part, which provides

18   coverage for claims *made against Focal Point* for **Wrongful Acts***, as defined in the Entity

19   Coverage Part.  Specifically, Plaintiffs labor to produce coverage for the Ward Claim under the

20   Entity Coverage Part by inventing what they refer to as an "Indemnification Claim."  From what

21   can be surmised from Plaintiffs' brief, they appear to be arguing that the Individual Insureds

22   demanded that Focal Point indemnify them with respect to the Ward Claim, that this demand

23   constitutes a claim against Focal Point, which they call the "Indemnification Claim," and that

24   Continental, therefore, owes coverage to Focal Point under the Entity Coverage Part for this

25   "Indemnification Claim" against Focal Point.

26

27        As would be expected, Plaintiffs' creative attempt to contort the Ward Claim against the

28   Individual Insureds into a claim by the Individual Insureds against Focal Point, so as to implicate

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

the Policy's Entity Coverage Part, fails dreadfully. First, as discussed above, the Individual Insureds sought, and Focal Point provided, indemnification. Accordingly, there can be no "claim" against Focal Point where Focal Point, from the outset, agreed to and in fact indemnified the Individual Insureds. Second, even if this "Indemnification Claim" was not simply something concocted by Plaintiffs in an attempt to obtain coverage under the Policy, and Focal Point had failed to indemnify the Individual Insureds, the claim would be a contractual claim by the Individual Insureds under Focal Point's Second Amended and Restated Operating Agreement (the "Operating Agreement")[2] require Focal Point to indemnify them with respect to the Ward Claim. This contractual claim would be barred by the breach of contract exclusion of the Entity Coverage Part. Therefore, there still would be no coverage under the Policy.

In reality, however, Plaintiffs are not seeking coverage for any "Indemnification Claim." Rather, Plaintiffs are attempting to use the made-up "Indemnification Claim" to magically transform Mr. Ward's claim against the Individual Insureds, based on **Wrongful Acts** as defined in the D&O Coverage Part, into a claim by Mr. Ward against Focal Point. The "Indemnification Claim" is no such thing. As noted, Mr. Ward asserted a breach of fiduciary duty claim against the Individual Insureds. Mr. Ward expressly did *not* assert any claim against Focal Point, itself. Indeed, Mr. Ward made it abundantly clear in his demand letter to the Individual Insureds that he did "*not have any claim against, or dispute, with [Focal Point]*" and that his "*dispute is solely with the other General Members, not with [Focal Point].*" Declaration of Elliot R. Peters in Support of Plaintiffs' Motion for Partial Summary Judgment, *Submitted Under Seal*, ¶ 3 and Ex. A ("Peters Decl.") (emphasis added). The Individual Insureds, in turn, requested that Focal Point indemnify them with respect to the Ward Claim, *i.e.,* requested that Focal Point pay the cost of defending the claim made *against them* by Mr. Ward, and Focal Point did so. Accordingly, the whole "Indemnification Claim" is a ruse by Plaintiffs intended to obfuscate the fact that Mr. Ward made a claim only against the Individual Insureds based on their alleged **Wrongful**

---

[2] A copy of the Operating Agreement is attached as Exhibit B to Declaration of Andrew Spingler in Support of Plaintiffs' Motion for Partial Summary Judgment.

ROSS, DIXON & BELL, LLP<br/>5 PARK PLAZA, SUITE 1200<br/>IRVINE, CA 92614-8592

**Acts**, as defined in the D&O Coverage Part, and to avoid application of the Insured v. Insured exclusion.

The simple reality is this: (1) Mr. Ward made a claim against the Individual Insureds; (2) the claim unquestionably is the type of claim that would fall under the D&O Coverage Part; (3) the claim is excluded from coverage by the Insured v. Insured exclusion; and (4) Continental, therefore, had no duty to provide a defense for the Ward claim.

## II.    FACTUAL BACKGROUND

### A.    The Continental Policy

Continental issued Epack for Private Companies Policy No. 268060719 to Focal Point for the policy period of December 1, 2005 to December 1, 2006 (the "2005 Policy"). Declaration of Jennifer Faas filed in Support of Continental's Motion for Summary Judgment and incorporated herein by reference ("Faas Decl."), Ex. A. At the expiration of the 2005 Policy, Continental issued a renewal policy for the policy period of December 1, 2006 to December 1, 2008 (the "2006 Policy"). *Id.*, Ex. B. Both policies include several coverage parts, two of which Focal Point alleges are applicable here: the D&O Coverage Part and the Entity Coverage Part. Both policies are written on a "claims made" basis, *i.e.,* the policy in effect when Mr. Ward first made his claim is the policy applicable to the claim. Finally, both the D&O Coverage Part and the Entity Coverage Part define the term "claim," in relevant part, to require a "written demand." 2005 and 2006 D&O Coverage Part Section II.1.(a); 2005 and 2006 Entity Coverage Part Section II.1.(a).

Plaintiffs' motion for partial summary judgment appears to assume that the 2005 Policy applies to the Ward claim. In fact, however, according to the information provided to Continental, Mr. Ward first made a written demand by way of an email from his counsel sent on December 1, 2006, after the 2006 Policy incepted at 12:01 a.m. that morning. Faas Decl., Ex. C. Accordingly, Continental has handled this matter under the 2006 Policy, and that is the applicable policy unless Mr. Ward made a written demand prior to December 1, 2006. In any event, for purposes of the motion for partial summary judgment, it does not matter which policy applies,

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

since the pertinent provisions of the two policies are identical and the substantive coverage

analysis is, therefore, the same under either policy.  Continental uses the term "Policy" in this

memorandum to refer to the applicable policy, which it believes is the 2006 Policy.

## 1.    The D&O Coverage Part

The D&O Coverage Part provides, in relevant part, that:

> [Continental] shall pay all **Loss** resulting from any **Claim** first
> made against any **Insured Person** during the **Policy Period** . . . for
> a **Wrongful Act**.  Such payment shall be on behalf of such **Insured
> Person** except and to the extent the **Named Company** or any
> **Subsidiary** has indemnified them for such **Loss**.  Such payment
> shall be on behalf of the **Named Company** or any **Subsidiary**
> thereof if such organizations are required, or have determined as
> permitted by law, to indemnify the **Insured Persons** for such **Loss**.

Faas Decl., Ex. B, D&O Coverage Part Section I.  It then defines **Wrongful Act** as

follows:

> a.    Any actual or alleged error, misstatement, misleading
> statement, act, omission, neglect or *breach of duty*
> committed or attempted by the **Insured Persons** in their
> capacity as such or in an **Outside Position**, or

> b.    any matter claimed against the **Insured Persons** solely by
> reason of their serving in such capacity or in an **Outside
> Position.**

D&O Coverage Part Section II.6 (italic emphasis added).

The D&O Coverage Part also provides that Continental "shall not be liable to pay any

**Loss** under [the D&O] Coverage Part in connection with any **Claim** made against the **Insured

Persons** . . . by or on behalf of any of the other **Insured Persons** in any capacity . . ." (the

"Insured v. Insured Exclusion").  D&O Coverage Part Section IV.1(g).  **Insured Persons** is

defined, in part, to mean "all past, present or future duly elected or appointed directors and/or

officers of [Focal Point] . . . and managers in the event [Focal Point] . . . is a limited liability

company . . ." D&O Coverage Part Section II.2(a).

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1

### 2.    The Entity Coverage Part

The Entity Coverage Part provides, in relevant part, that Continental "shall pay on behalf of [Focal Point] . . . **Loss** resulting from any **Claim** first made during the **Policy Period** . . . against [Focal Point] . . . for a **Wrongful Act**." Faas Decl., Ex. B, Entity Coverage Part Section I. It defines **Wrongful Act** as follows:

> **Wrongful Act** means any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty committed or attempted by **Named Company** or any **Subsidiary**, or by any natural person for whose **Wrongful Act** the **Named Company Insured** is legally responsible.

Entity Coverage Part Section II.4.

The Entity Coverage Part also provides that Continental "shall not be liable to pay any **Loss** under [the Entity] Coverage Part in connection with any **Claim** made against [Focal Point] . . . for breach of any written or oral contract or agreement . . ." (the "breach of contract exclusion"). Entity Coverage Part Section III.1(l).

### B.    The Ward Claim

In or about November 2006, Mr. Ward, a former General Member and manager of Focal Point, made the first of several oral demands to resolve a dispute he had with the Individual Insureds, who are also General Members and managers of Focal Point. The dispute stemmed from the Individual Insureds' purported attempt to expel Mr. Ward from Focal Point's membership effective December 19, 2006, and to force a purchase of his interest in the company. On December 1, 2006, Mr. Ward's counsel sent an email to Plaintiffs' counsel stating that a "formal letter" regarding the Individual Insureds' breach of fiduciary duties would be forthcoming, and in the meantime, provided case law for Plaintiffs' counsel's consideration. Faas Decl., Ex. C. On or about January 2, 2007 Continental received notice of Mr. Ward's allegations through an insurance broker. *Id.*, Ex. D.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

Opposition To Motion For Partial Summary Judgment
Case No. C07-05764-MHP

1    On January 29, 2007, Mr. Ward's counsel sent a letter to Plaintiffs' counsel setting forth

2    Mr. Ward's bases for alleging that the Individual Insureds had breached their fiduciary duties to

3    him and offering to resolve the dispute if the Individual Insureds would cause Focal Point to buy

4    out Mr. Ward's share of the company at a fair price. Peters Decl. ¶ 3 and Exhibit A.[3]  The second

5    and third paragraphs of the January 29 letter were devoted entirely to making clear that Mr. Ward

6    was only asserting a claim against the Individual Insureds and *not* against Focal Point.[4]  *Id.*  In

7    fact, Mr. Ward's counsel corrected Plaintiffs' counsel for previously suggesting that Mr. Ward

8

9    was bringing a claim against Focal Point:

> In [Plaintiffs' counsel's] December 21, 2006, [counsel] noted that
> [he was] writing on "behalf of [his] client, The Focal Point, LLC
> . . ." My client, ***Brian Ward, does not have any claim against or
> dispute with, [Focal Point] . . . [H]is dispute is solely with the
> other General Members and not with [Focal Point]***.

*Id.* (emphasis added).  Mr. Ward's counsel also informed Plaintiffs' counsel "that use of [Focal

Point] funds to pay for legal fees and costs of the other General Members in their personal dispute

with Brian Ward would be considered a misuse of [Focal Point] assets and a breach of the

fiduciary duty of the control persons in allowing such misuse of funds to occur." *Id.*

### C.    Continental Denies Coverage for the Ward Claim Made Against the Individual Insureds

On February 5, 2007, Continental wrote to Plaintiffs and informed them that there was no

coverage for the Ward Claim.  Faas Decl., Ex. E.  Continental explained that, pursuant to

Section 6.1 of the Operating Agreement , Mr. Ward *and* the Individual Insureds were managers of

Focal Point, and thus **Insured Persons** within the meaning of the Policy:  *Id.*  As such, coverage

---

[3] Continental's copy of this letter is dated January 30, 2007.  However, in all material respects, the two letters appear to be identical.  For purposes of this Opposition, Continental relies on the January 29, 2007 letter attached to Mr. Peters's Declaration.

[4] On April 23, 2007, Mr. Ward's counsel restated these same two paragraphs in another demand letter sent to Plaintiffs' counsel.  Because the January 29 letter containing the same two paragraphs was filed under seal by Plaintiffs in their own motion for partial summary judgment, Continental has not attached a copy of the April 23, 2007 letter to its Opposition.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

was unavailable for the Ward Claim under the D&O Coverage Part because the Insured v. Insured exclusion barred coverage for **Claims** brought by one **Insured Person** (*i.e.*, Mr. Ward) against other **Insured Persons** (*i.e.*, the Individual Insureds). *Id.* Continental explained further that coverage was unavailable under the Entity Coverage Part because, as Mr. Ward's counsel stated repeatedly in his January 29 correspondence, Mr. Ward was only asserting claims against the Individual Insureds and *not* against Focal Point. *Id.*

By letter dated March 20, 2007, Plaintiffs' counsel requested that Continental reconsider its coverage position. *Id.*, Ex. F. Plaintiffs argued that, because Focal Point was obligated to indemnify the Individual Insureds for the defense of Mr. Ward's claim, Mr. Ward was actually making a claim against Focal Point, and thus Continental must reimburse Focal Point for these expenses. *Id.* Continental further analyzed its coverage position, and, in a letter dated April 23, 2007, reaffirmed its denial of coverage. *Id.*, Ex. G. Continental reiterated that, because Mr. Ward clearly had asserted a **Claim** against the Individual Insureds only, and not against Focal Point, there could be no coverage for Focal Point under the Entity Coverage Part. *Id.* Continental did, however, agree to treat the Ward Claim as notice of a potential Claim against Focal Point, in case Mr. Ward decided to assert a claim against Focal Point in the future. *Id.*

**D.    Continental Reaffirms Its Denial of Coverage Notwithstanding the Individual Insured's Purported Demand For Indemnification from Focal Point**

On July 25, 2007, Mr. Spingler provided Continental with a written demand made on Focal Point by the Individual Insureds for indemnification for the Ward Claim pursuant to the Operating Agreement. *Id.*, Ex. H. As noted above, Plaintiffs refer to this demand as the "Indemnification Claim." Mr. Spingler requested that Continental provide coverage for Focal Point for the "Indemnification Claim." *Id.* Notwithstanding that the letter purported to assert a

1

2    demand by the Individual Insureds against Focal Point, Mr. Spingler's letter made clear that Focal

3    Point was, in reality, simply seeking coverage for the cost of defending the claims made by

4    Mr. Ward against the Individual Insureds, for which Focal Point already had been indemnifying

5    the Individual Insureds.  Put simply, as Focal Point already had agreed to indemnify the

6    Individual Insureds and had, in fact, been doing so, it did not need and was not requesting

7    coverage from Continental in the context of an indemnification dispute between Focal Point and

8    the Individual Insureds.  Rather, Plaintiffs simply were attempting to reconfigure the Ward Claim

9    so as to avoid the application of the D&O Part Insured v. Insured exclusion, so that Continental

10    would be required to reimburse Focal Point for the cost of providing indemnification.  In other

11    words, Focal Point was trying to manufacture coverage under the Entity Coverage Part for the

12    costs incurred in defending the claim made by Mr. Ward against the Individual Insureds, after it

13    realized coverage would be barred under the D&O Coverage Part.  On July 31, 2007, Continental

14    denied coverage for the so-called "Indemnification Claim."  *Id.*, Ex. I.

15
16            The parties continued to exchange correspondence through August of 2007 regarding

17    Continental's denial of coverage for the Ward Claim.  On August 13, 2007, Continental sent its

18    final letter affirming its denial of coverage for the Ward Claim.  *Id.*, Ex. J.

19

20        **E.**    **Focal Point and the Individual Insureds Settle the Ward Claim**

21            Unbeknownst to Continental, on or about October 31, 2007, Focal Point and the

22    Individual Insureds participated in a mediation session with Mr. Ward and reached a settlement.

23    *See* Peters Decl., ¶ 4 and Exhibit B; Faas Decl. ¶ 11.  The terms of the settlement, including the

24

25

26

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1    amount to be paid to Mr. Ward by Focal Point, are set forth in Focal Point's unredacted version of

2    its Motion and the Peters Declaration.[5]

### III.    CONTINENTAL HAD NO DUTY TO PROVIDE A DEFENSE FOR THE WARD CLAIM

To prevail on their motion for partial summary judgment as to their first and fourth causes

of action for breach of the duty to defend and declaratory relief, Plaintiffs must establish, as a

matter of law, based on undisputed facts, that the Ward Claim potentially falls within the scope of

the coverage provided by the Policy. *See Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th

287, 300 (1993). Of course, in determining whether the potential for coverage or the duty to

defend exists, the *entire* policy must be considered in context, including not only the insuring

clause, but also the other express terms, conditions, limitations and exclusions. The duty to

defend is not unlimited. No coverage exists, and no corresponding defense obligation arises, if

the "underlying claim cannot come within . . . the scope of the insuring clause" or falls within the

"breadth of an exclusion." *Id.* at 301; *see also Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1,

26 (1995) ("If the terms of the policy provide no potential for coverage, as in this case, the insurer

acts properly in denying a defense . . ."); *National Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal. App.

3d 452 (1990) (insurer may refuse to defend where liability is excluded under the policy). Where,

as here, a policy clearly excludes coverage, "the court will not indulge in tortured constructions to

divine some theoretical ambiguity in order to find coverage." *Titan Corp. v. Aetna Cas. & Sur.*

*Co.*, 22 Cal. App. 4th 457, 469 (1994) (citation omitted). Rather, "[t} yield their meaning, the

---

[5] The settlement agreement appears to be a buy-out of Mr. Ward's interest in Focal Point. If Mr. Ward at some point made a demand on Focal Point for a buy-out (or made some other demand on Focal Point), no notice of that demand was ever provided to Continental. For purposes of determining whether Continental had a duty to provide a defense, the only relevant demand is the one for which Focal Point and the Individual Insureds requested a defense, which was the claim made by Mr. Ward against the Individual Insureds. Continental had no duty to provide a defense for the reasons explained in this memorandum. However, even if Continental had had a duty to defend, there would be no indemnity coverage for Focal Point's settlement

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

provisions of a policy must be considered in their *full* context." *Buss v. Superior Court*, 16 Cal.

4th 35, 45 (1997) (emphasis added).

### A.    Continental Had No Duty Under The D&O Coverage Part To Provide A Defense For The Ward Claim

Notwithstanding Plaintiffs' attempts at creating confusion with respect to this matter,

Continental's coverage determination regarding the Ward Claim was simple and routine.

Coverage for this type of claim, if any, is found under the D&O Coverage Part of the Policy that

Continental issued.  That being said, because the claim was asserted by one **Insured Person**

(Ward) against other **Insured Persons** (the Individual Insureds), coverage is precluded under the

unambiguous Insured v. Insured exclusion of the D&O Coverage Part.  Continental's denial,

therefore, was proper.

#### 1.    The D&O Coverage Part Applies to the Ward Claim

The Policy expressly provides that direct coverage for the Individual Insureds for the

Ward Claim, *and* coverage for Focal Point for indemnification of the Individual Insureds for the

Ward Claim, are provided under the D&O Coverage Part.  Specifically, the D&O Coverage Part

Insuring Agreement provides:

> [Continental] shall pay all **Loss** resulting from any **Claim** first
> made against any **Insured Person** during the **Policy Period** . . . for
> a **Wrongful Act**.  Such payment shall be on behalf of such **Insured**
> **Person** *except and to the extent the* **Named Company** *or any*
> **Subsidiary** *has indemnified them for such Loss.  Such payment*
> *shall be on behalf of the* **Named Company** *or any* **Subsidiary**
> *thereof if such organizations are required, or have determined as*
> *permitted by law, to indemnify the* **Insured Persons** *for such Loss.*

D&O Coverage Part Section I (italic emphasis added).  **Wrongful Act** is defined as follows:

> a.    Any actual or alleged error, misstatement, misleading
> statement, act, omission, neglect or *breach of duty*
> committed or attempted by the **Insured Persons** in their
> capacity as such or in an **Outside Position**, or

payment for several additional reasons, which are addressed in Continental's motion for summary
judgment filed contemporaneously with this Opposition.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

b.    any matter claimed against the **Insured Persons** solely by
reason of their serving in such capacity or in an **Outside
Position.**

D&O Coverage Part Section II.6 (italic emphasis added). Mr. Ward's breach of fiduciary duty

claim plainly is based on alleged **Wrongful Acts**, as defined above, by the Individual Insureds,

and that claim was made against only the Individual Insureds.

Thus, under the explicit terms of the D&O Insuring Agreement, any coverage for Focal

Point's indemnification of the Individual Insureds for the Ward Claim would be provided under

the D&O Coverage Part. As shown below, however, the Insured v Insured exclusion precludes

coverage for the Ward Claim under the D&O Coverage Part and, therefore, Focal Point is not

entitled to coverage for its costs of indemnifying the Individual Insureds.

2.    **The Insured Versus Insured Exclusion Bars Coverage for the Ward
Claim**

The D&O Coverage Part's Insured v. Insured exclusion provides, in relevant part, that

Continental "shall not be liable to pay any **Loss** under [the D&O] Coverage Part in connection

with any **Claim** made against the **Insured Persons** . . . by or on behalf of any of the other

**Insured Persons** in any capacity . . . ." D&O Coverage Part Section IV.1(g). Here, the Insured

v. Insured exclusion clearly bars coverage because the Ward Claim is a **Claim** made by an

**Insured Person** – Mr. Ward – against other **Insured Persons** – the Individual Insureds.

California courts, the Ninth Circuit and other jurisdictions consistently find that similar

Insured v. Insured exclusions bar coverage for actions brought by one insured against other

insureds. For instance, in *American Medical International v. National Union Fire Insurance Co.*,

244 F.3d 715, 721-22 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit,

applying California law, considered a coverage dispute involving a claim by a former director of

a company against the insured company and its current directors regarding an attempted buy-out

of the company. The policy at issue barred coverage for any claim "'brought against one or more

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1  past, present or future directors or officers, by the corporation, its subsidiaries or successors or by

2  one or more past, present or future directors or officers.'" *Id.* at 721.  The court rejected the

3  argument that the insured versus insured exclusion should not apply because the case was made

4  by a former director not acting in his capacity as a director, finding that the broad language of the

5  exclusion barred coverage for all claims made by the former director.  *Id.*

6

7      The United States District Court for the Central District of California reached the same

8  conclusion in *Mt. Hawley Insurance Co. v. Federal Savings & Loan Insurance Corp.*, 695 F.

9  Supp. 469, 483 (C.D. Cal. 1987), finding that an insured versus insured exclusion completely

10  eliminated the possibility of coverage for an action brought against directors and officers by the

11  conservator of the insured corporation.  Cases from outside of California are in accord.  *See Level*

12  *3 Commc'ns, Inc. v. Fed. Ins. Co.*, 168 F.3d 956, 959-960 (7th Cir. 1999) (finding that language

13  of insured versus insured exclusion "clearly" barred coverage for suit brought by former director

14  of insured company and rejecting argument that suit between insureds must be collusive for the

15  exclusion to apply); *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 226 F. Supp. 2d 1326, 1337

16  (M.D. Fla. 2002) (finding that insured versus insured exclusion barred coverage for securities

17  action brought by former officer of insured corporation).

18

19      Here, as in *American Medical* and *Mt. Hawley*, the Ward Claim is exactly the type of

20  **Claim** the Policy's Insured v. Insured exclusion was intended to exclude from coverage.

21  Mr. Ward was a Focal Point manager pursuant to Operating Agreement Section 6.1, and is thus

22  an **Insured Person** under the Policy.  *See* D&O Coverage Part Section II.2(a).  Mr. Ward alleges

23  that the Individual Insureds – who are also Focal Point managers pursuant to the Operating

24  Agreement and thus **Insured Persons** – breached their fiduciary duties to him by wrongfully

25  expelling him from membership in Focal Point and by failing to offer him his fair interest in the

26

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

company.  As such, the Ward Claim is a clearly a **Claim** made against **Insured Persons** (*i.e.*, the Individual Insureds) by or on behalf of another **Insured Person** (*i.e.*, Mr. Ward).

Accordingly, the Insured v. Insured exclusion bars any potential coverage for the Ward Claim under the D&O Coverage Part.  This unambiguous exclusion precludes coverage, regardless of whether that coverage is sought directly by the Individual Insureds or by Focal Point based on its indemnification of the Individual Insureds.  Consequently, Continental had no duty to provide a defense for the Ward Claim.[6]

**B.    There Is No Coverage For The Ward Claim Under The Entity Coverage Part**

Realizing the clear application of the Insured v. Insured exclusion and the validity of Continental's coverage denial, Plaintiffs' creatively attempt to transform the Ward Claim into a claim against Focal Point, in order to manufacture coverage under a different part of the Policy.  Not surprisingly, Plaintiffs' analysis is fatally flawed and its laborious attempts to produce coverage are unsuccessful.

The Entity Coverage Part provides, in relevant part, that Continental "shall pay on behalf of [Focal Point] . . . **Loss** resulting from any **Claim** first made during the **Policy Period** . . . *against [Focal Point]* . . . for a **Wrongful Act**."  Entity Coverage Part Section I (emphasis added).  Thus, the Entity Coverage Part expressly requires that a **Claim** be made *against Focal Point*.  Here, as discussed in detail below, no **Claim** has been made against Focal Point.  Consequently, there is absolutely no possibility of coverage under the Entity Coverage Part.

---

[6] Plaintiffs contend that the Entity Coverage Part's version of the Insured v. Insured exclusion (Entity Coverage Part Section III.1(f)) does not apply.  *See* Motion at 17-18.  Continental has never contended that there is any need to consider that exclusion, since there is no coverage under the Entity Coverage Part for other reasons.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA  92614-8592

1          **1.    Mr. Ward Did *Not* Make a Claim Against Focal Point**

2                    a)    **Mr. Ward Explicitly Stated He Was *Not* Making a Claim**
                           **Against Focal Point**

3

4          In his January 29, 2007 demand letter, and again in his April 23, 2007 demand letter,

5  Mr. Ward stated at the outset that his claim is made solely against the Individual Insureds and ***not***

6  against Focal Point.  Peters Decl., ¶ 3 and Exhibit A.  Indeed, each letter unequivocally states that

7  Mr. Ward does "***not have any claim against, or dispute, with [Focal Point]***" and that Mr. Ward's

8  "***dispute is solely with the other General Members, not with [Focal Point].***"  *Id.* (emphasis

9  added).

10

11         Based on these statements, it was clear to Continental that Mr. Ward was not making a

12  claim against Focal Point.  Moreover, although there is no need to reach the issue, as a logical

13  matter, the claims asserted by Mr. Ward are not the type that would be made against a limited

14  liability company such as Focal Point.  As Plaintiffs make clear in their Motion, Mr. Ward alleges

15  that the Individual Insureds breached their fiduciary duties to him.  *See* Motion at 7.  And, as

16  Mr. Ward explained in his January 29 demand letter, under California Corporations Code §

17  17153, a manager of a limited liability company, such as Focal Point, owes a fiduciary

18  relationship to the entity and the other managers.  *See* Peters Decl., Ex. A at p. 3.  The limited

19  liability company does not, however, owe a fiduciary duty to its members.  *See, e.g., Denevi v.*

20  *LGCC, LLC*, 121 Cal. App. 4th 1211, 1218 (2004) (dismissing breach of fiduciary duty claim

21  brought by member against limited liability company because duty runs to company and not

22  individual member).  Thus, Mr. Ward's claim that Focal Point's managers breached their duties to

23  him does not and cannot amount to a claim against Focal Point for breach of fiduciary duty

24  because Focal Point owed no such duty to Mr. Ward.

25

26         Accordingly, Continental repeatedly informed Plaintiffs that there was no coverage for

27  Focal Point under the Entity Coverage Part.  Continental's position was correct under both the

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

terms of the Policy and California law.  Instead, Continental properly told Plaintiffs that it would treat the matter as a potential claim by Mr. Ward against Focal Point, should Mr. Ward decide to assert such a claim going forward.  *See Winkler v. Nat'l Union Fire Ins. Co.*, 930 F.2d 1364, 1367 (9th Cir. 1991) (finding that a potential claim should not be treated as an actual claim under a D&O policy).

**b)    Plaintiffs' Contention that Mr. Ward Made A Claim Against Focal Point Is Meritless**

Plaintiffs curiously argue that, despite Mr. Ward's repeated statements to the contrary, and the fact that a breach of fiduciary duty claim by its very nature is made against other members and not Focal Point itself, the Ward Claim was, in reality, a claim against Focal Point.  *See, e.g.*, Motion at 11-12.  To support this contention, Plaintiffs point to a single statement in Mr. Ward's January 29 letter, which states that, in the event of a lawsuit by Mr. Ward, "[Focal Point] will either have to pay the full amount on a judgment . . . or prove that one of its partners provided very sub-standard work for a long time."  This isolated statement at page 6 of a single-spaced 7-page letter does not somehow turn the Ward Claim into a claim against Focal Point when the same letter explicitly states that no claim is being made against Focal Point.  In the context of the letter, any obligation of Focal Point to make a payment in connection with Mr. Ward's claim would be in the nature of the Individual Insureds being required to cause Focal Point to buy out Mr. Ward's membership at a fair value.

Here, Mr. Ward explicitly stated that he was not making a claim against Focal Point.  Likewise, the nature of the claims that Mr. Ward asserted were not the type of claims to be made against an entity.  Accordingly, Plaintiffs' unilateral and self-serving transformation of Mr. Ward's claim against the Individual Insureds, to a claim by Ward against Focal Point, both is unfounded and utterly illogical.  *See Bendis v. Fed. Ins. Co.*, 958 F.2d 960, 962-63 (10th Cir. 1991) (holding no claim was made during the policy period and concluding that a party's

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1    statement that it will not make a claim against an insured cannot reasonably be construed as a

2    claim against that insured, even if the party could, at a later date, assert a claim against the

3    insured).[7]

4

5              c)       **Plaintiffs Themselves Concede that Mr. Ward was *Not* Making**
                        **a Claim Against Focal Point**

6            Notwithstanding their arguments otherwise, Plaintiffs themselves conceded in their

7    Motion and at the March 3, 2008 Case Management Conference ("CMC") that Mr. Ward was not

8    making a Claim against Focal Point. At the March 3 CMC, Plaintiffs' counsel stated on the

9    record: "Brian Ward . . . in attempting to apparently preclude any access to insurance for this,

10   purported to *make his claim only against the individual members and not against The Focal*

11   *Point itself.*" *See* Request for Judicial Notice in Support of Continental's Motion for Summary

12   Judgment, incorporated herein by reference, Exhibit 1 at 4:5-9 (emphasis added). In their

13   Motion, Plaintiffs also recognize that Mr. Ward was not making a claim against Focal Point:

14   "Ward cannot plead his claim out of coverage simply by stating that his claim is or is not against

15   someone." *See* Motion at 11:27-28. Despite Plaintiffs' assertion, Mr. Ward can and did decide

16   who his claim was against – he chose to make a claim against the Individual Insureds and

17   expressly did not make a claim against Focal Point. Moreover, this choice made perfect sense,

18   since Mr. Ward's core contention was that the other members had breached their fiduciary duty to

19   him; his complaint was with the other members who sought to expel him, not with Focal Point.

20           Relying on *Montrose Chemical Corporation v. Superior Court*, 6 Cal . 4th 287, 296

21   (1993) and its progeny, Plaintiffs attempt to avoid Mr. Ward's decision not to assert a claim

22   against Focal Point by contending that Mr. Ward "cannot be the arbiter of coverage." *See* Motion

23

24

25

26   _____

27   [7] Even if one could somehow infer that Mr. Ward "impliedly" made a claim against Focal
     Point, notwithstanding his express statement that he was doing no such thing, of necessity, that
28   implied claim would be for breach of the Operating Agreement, and, therefore also excluded from
     coverage by the Entity Coverage Part's breach of contract exclusion.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

- 17 -

1   at 11-12. *Montrose* is inapposite. In *Montrose*, the California Supreme Court explained that,

2   even if the face of a complaint does not suggest a potential for liability under an insurance policy,

3   the extrinsic facts known to the insurer can create a duty to defend "because current pleading

4   rules liberally allow amendment; the third party plaintiff cannot be the arbiter of coverage."

5   *Montrose*, 6 Cal. 4th at 296. Here, Plaintiffs are not arguing that Continental failed to consider

6   extrinsic facts that could lead to a claim against Focal Point. Rather, they are arguing that

7   Continental should have disregarded Mr. Ward's actual intentions and agreed with their unilateral

8   assertion that Mr. Ward was making a claim against Focal Point because, *in their opinion*, the

9   only reason Mr. Ward was not making a claim against Focal Point was because he was trying to

10  preclude insurance coverage. Such extrinsic facts, even if true, are not the type of extrinsic facts

11  the court in *Montrose* was referring to when it referenced "arbiter of coverage."

12      Moreover, as the court noted in the case of *Butler v. Clarendon American Insurance Co.*,

13  494 F. Supp. 2d 1112, 1122 n.7 (N.D. Cal. 2007) – also relied on by Plaintiffs – "in evaluating an

14  underlying third-party complaint, an insured may not trigger the duty to defend by speculating

15  about extraneous 'facts' regarding potential liability or ways in which the third party claimant

16  might amend its complaint at some future date." Plaintiffs simply cannot create a duty to defend

17  by speculating that Mr. Ward meant the opposite of what he actually said, or that he made a claim

18  that he did not make (and in any event had no basis to make since only the Individual Insureds

19  owed Mr. Ward any fiduciary duty). They also cannot create a duty to defend by arguing that

20  Mr. Ward should amend his claim so as to state a claim against Focal Point because they, and not

21  Mr. Ward, believe he should do so.

### 2.    There Is No Claim by the Individual Insureds Against Focal Point

    As noted above, in an attempt to manufacture coverage for the Ward Claim, Plaintiffs

    concocted a claim by the Individual Insureds against Focal Point, which they refer to as the

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1    "Indemnification Claim." This "Indemnification Claim," however, was simply a desperate

2    attempt by Plaintiffs to obtain coverage for the Ward Claim. Focal Point was not seeking, and did

3    not need coverage for contesting a claim for indemnification against it by the Individual Insureds.

4    In fact, at the outset, Focal Point had agreed to indemnify the Individual Insureds and had been

5    doing so at the time Plaintiffs conjured up the "Indemnification Claim." Put differently, Focal

6    Point did not need a defense, and did not incur any defense costs, with respect to the Individual

7

8    Insureds' "claim" for indemnification because Focal Point never disputed its obligation to provide

9    indemnification.

10        Even if these facts wholly are ignored, and we assume that: (1) Focal Point actually was

11    not indemnifying the Individual Insureds for the cost of defending the Ward Action, and (2) the

12    Individual Insureds were asserting a valid claim against Focal Point for indemnification, there

13    still would be no coverage for this claim under the Policy. In that instance, Plaintiffs' claim

14    against Focal Point would be a purely contractual claim by which the Individual Insureds would

15    be seeking to enforce their rights under the Operating Agreement. As such, the breach of contract

16

17    exclusion of the Entity Coverage Part would preclude coverage.

18        That breach of contract exclusion provides that Continental "shall not be liable to pay any

19    **Loss** under [the Entity] Coverage Part in connection with any **Claim** made against [Focal

20    Point]... for breach of any written or oral contract or agreement . . ." Entity Coverage Part

21    Section III.1(l). California courts consistently uphold similar breach of contract exclusions. *See*

22    *Southgate Recreation & Park Dist. v. Cal. Ass'n for Park & Recreation Ins.*, 106 Cal. App. 4th

23    293, 301 (2003) (finding that policy exclusion for loss "arising out of" breach of contract barred

24    coverage for contract claims, as well as claims for negligence, conversion and violation of

25    statutory duties); *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 829 (2006) (finding that

26    policy exclusion for loss "arising out of" breach of contract barred coverage for all claims against

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1    insureds, including claims of negligence and breach of fiduciary duty, as well as claims against

2    insureds who were not parties to the contracts at issue); *S.J. Amoroso Constr. Co. v. Executive*

3    *Risk Indem. Inc.*, No. C 06-2572 SBA, 2007 WL 3231741, at *5 (N.D. Cal. Oct. 30, 2007)

4    (finding that policy exclusion for loss "arising out of" breach of contract barred coverage for

5    contract and tort claims related to a defective construction project, including claims against parent

6    company that was not party to the contract at issue).

7

8        Here, Plaintiffs argue that Focal Point is obligated to indemnify the Individual Insureds

9    pursuant to Section 8 of the Operating Agreement. Thus, to the extent the Individual Insureds

10   pursued any indemnification claim, it would be a claim to enforce a contractual obligation under

11   the Operating Agreement, and so barred from coverage by the breach of contract exclusion. It

12   bears repeating, however, that the whole "Indemnification Claim" indisputably has no real

13   substance; in reality, it is a transparent and groundless effort to manufacture coverage that does

14   not exist for a claim made by Mr. Ward against the Individual Insureds and only the Individual

15

16   Insureds.

17               **3.    Entity Coverage Is Not Implicated Under a "Legal Responsibility**
                          **Theory"**
18

19       As discussed above, no **Claim** has been made against Focal Point, and thus the Entity

20   Coverage Part is not applicable. Nevertheless, Plaintiffs argue that Continental is obligated under

21   the Entity Coverage Part to reimburse Focal Point for its cost of indemnifying the Individual

22   Insureds for the cost of defending Mr. Ward's claim against them because: (1) Focal Point is

23   legally responsible for indemnifying the Individual Insureds; and (2) the Entity Coverage Part's

24   definition of **Wrongful Act** refers to "any natural person for whose **Wrongful Act** [Focal Point]

25   is legally responsible." *See* Motion at 13-14. This argument fails.

26

27       The Entity Coverage Part provides that Continental "shall pay on behalf of [Focal Point]

28   . . . **Loss** resulting from any **Claim** first made during the **Policy Period** . . . *against [Focal Point]*

1   . . . *for a **Wrongful Act**.*" Entity Coverage Part Section I (italics added). As noted above,

2   **Wrongful Act** is defined to mean "any actual or alleged error, misstatement, misleading

3   statement, act, omission, neglect or breach of duty committed or attempted by [Focal Point] "or

4   any **Subsidiary,** or by any natural person for whose **Wrongful Act** [Focal Point] is legally

5   responsible." Entity Coverage Part Section II.4. Thus, the Entity Coverage Part applies when

6   the entity itself commits a wrongful act or is itself legally responsible for an alleged wrongful act.

7   Here, Mr. Ward never alleged that Focal Point committed a wrongful act or that Focal

8   Point was legally responsible for the wrongful acts he alleged the Individual Insureds committed.

9   It is critical in this regard that Focal Point is not legally responsible for breaches of fiduciary duty

10   committed by its individual members. In other words, Mr. Ward's breach of fiduciary duty

11   allegations, if proven, would not provide a basis for imposing liability on Focal Point itself. *See,*

12   *e.g., Denevi*, 121 Cal. App. 4th at 1218. In fact, California law ***would prohibit*** Focal Point from

13   indemnifying the Individual Insureds for a judgment arising out of a breach of their fiduciary

14   duties. *See* Cal. Corp. Code §§ 17153 and 17155. *See also* 15A Cal. Jur. 3d Corporations § 1025

15   (2008) (recognizing that manager may not be indemnified for breach of fiduciary duty).

16   In any event, as discussed above, Mr. Ward never made any claim against Focal Point,

17   either for direct acts by Focal Point or for acts by others for whom Focal Point legally was

18   responsible. Focal Point, therefore, had no claim against it by Mr. Ward that it needed to defend.

19   The only costs incurred by Focal Point were the costs of indemnifying the Individual Insureds for

20   Mr. Ward's claim ***against them***, which was based wholly on **Wrongful Acts** of the type defined

21   in the D&O Coverage Part. As explained above, the D&O Coverage Part expressly provides

22   whatever coverage is available to Focal Point for its costs of indemnifying the Individual Insureds

23   for the claims made against them. Entity Coverage Part Section II.4. Plaintiffs simply are

24   seeking to force a square peg into a round hole by demanding coverage under the Entity Coverage

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1    Part for a claim that plainly falls into, and is excluded under, the D&O Coverage Part.

2    **C.    The Continental Policy Does Not Provide a Duty to Defend Based Solely on**
3    **the Definition of "Insured Persons"**

4    In what appears to be a last ditch effort, Plaintiffs argue that "even if, for any of the

5    reasons urged by [Continental], coverage is not required, it must nevertheless be provided

6    because these plaintiffs are insureds under the Continental Policy. The Continental Policy

7    potentially covers claims against the individual plaintiffs because they are 'Insured Persons.'"

8    Motion at 18. In other words, Plaintiffs argue that, regardless of any limitations on coverage,

9    applicable policy exclusions or even California law, Continental owes the Individual Insureds a

10   duty to defend because they fit into the Policy's definition of **Insured Persons**. This argument

11   ignores the most basic principles of insurance policy interpretation and the scope of an insurer's

12   responsibility under a duty to defend policy.

13

14   Under California law, coverage under an insurance policy must be determined by

15   examining the whole of the policy, including the insuring clause, but also the other express terms,

16   conditions, limitations and exclusions. *See Buss*, 16 Cal. 4th at 45 ("[t]o yield their meaning, the

17   provisions of a policy must be considered in their full context."). If, after considering the whole

18   of the policy, no coverage exists, there can be no duty to defend. *Gray v. Zurich Ins. Co.*, 65 Cal.

19

20   2d 263, 275 (1965).

21   Contrary to these bedrocks of policy interpretation, Plaintiffs ask the Court to look to only

22   one clause of the Policy to determine coverage – the definition of **Insured Person**. Continental

23   does not dispute that the Individual Insureds fit within the definition of **Insured Persons**.

24   However, this does not automatically entitle them to coverage. Rather, as discussed at length

25   above, the D&O Coverage Part's Insured v. Insured exclusion wholly and unambiguously bars

26   coverage for the Ward Claim.

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

1  **IV.    CONCLUSION**

2          Continental respectfully requests that the Court deny the Plaintiffs' motion for partial

3  summary judgment as to the first cause of action for breach of the duty to defend and the fourth

4  cause of action for declaratory relief because the Policy excludes coverage for the Ward Claim.

5

6                                          Respectfully submitted,

7                                          ROSS DIXON & BELL, LLP

8

9  Dated:  April 4, 2008                   By:    /s/ Richard A. Simpson

10                                                 Richard A. Simpson
                                                   Monique M. Fuentes

11                                                 *Attorneys for Defendant Continental*
                                                   *Casualty Company, on behalf of itself and*

12                                                 *CNA Insurance Company, Inc., which is not*
                                                   *a legal entity*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

857398

Opposition To Motion For Partial Summary Judgment
Case No. C07-05764-MHP