```
 1   Monique M. Fuentes (#205501)
         (mfuentes@rdblaw.com)
 2   ROSS, DIXON & BELL, LLP
     5 Park Plaza, Suite 1200
 3   Irvine, California 92614-8529
     Telephone: (949) 622-2700
 4   Facsimile: (949) 622-2739

 5   Richard A. Simpson (Pro hac vice)
         (rsimpson@rdblaw.com)
 6   ROSS, DIXON & BELL, LLP
     2001 K Street, NW
 7   Washington, DC 20006-1040
     Telephone: (202) 662-2000
 8   Facsimile: (202) 662-2190

 9   Attorneys for Defendant Continental Casualty Company, on
     behalf of itself and "CNA Insurance Company, Inc.", which is
10   not a legal entity

11   Ethan A. Miller (#155965)
         eamiller@ssd.com
12   Daniel T. Balmat (#230504)
         dbalmat@ssd.com
13   SQUIRE SANDERS & DEMPSEY LLP
     One Maritime Plaza, Suite 300
14   San Francisco, California 94111-3492
     Telephone: (415) 954-0200
15   Facsimile   (415) 393-9887

16   Attorneys for Plaintiffs The Focal Point, LLC, Andrew
     Spingler; Linda Spingler; G. Christopher Ritter; Scott Hilton.
17
```

                        UNITED STATES DISTRICT COURT

                        NORTHERN DISTRICT OF CALIFORNIA

                             SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FOCAL POINT, LLC, a California limited liability company; ANDREW SPINGLER; LINDA SPINGLER; G. CHRISTOPHER RITTER; and SCOTT HILTON,<br><br>             Plaintiffs,<br><br>    v.<br><br>CNA INSURANCE COMPANY, INC.; CONTINENTAL CASUALTY COMPANY,<br><br>             Defendants. | No. C07-05764 MHP<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS**<br><br>[Opposition, Evidentiary Objection to Spingler Declaration and Evidentiary Objection to Miller Declaration Filed Concurrently Herewith; [Proposed] Order Lodged Concurrently Herewith]<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br>Dept. 15 |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Continental issued Epack for Private Companies Policy No. 268060719 to The Focal Point, LLC ("The Focal Point") for the policy period of December 1, 2005 to December 1, 2006 (the "2005 Policy"). | 1. Declaration of Jennifer Faas filed in Support of Continental's Motion for Summary Judgment and incorporated herein by reference ("Faas Decl."), Ex. A; Declaration of Andrew Spingler in Support of Plaintiffs' Motion for Partial Summary Judgment, Ex A. |
| 2. Continental issued a renewal policy for the policy period of December 1, 2006 to December 1, 2008 (the "2006 Policy"). Hereinafter, the 2005 Policy and the 2006 Policy are referred to collectively as the "Policy."[1] | 2. Faas Decl., Ex. B. |
| 3. The Policy contains, among other coverage parts, a D&O Coverage Part and an Entity Coverage Part. | 3. Faas Decl., Ex. B. |

---

[1] The Policy provisions hereinafter referenced are the same in the 2005 Policy and the 2006 Policy. Thus, the parties will refer to both Policies collectively as the "Policy." Moreover, all Supporting Evidence hereinafter will refer to the 2006 Policy attached as Exhibit B to the Faas Declaration.

| | |
|---|---|
| 4. The Focal Point is the "Named Company" under the Policy. | 4. Faas Decl., Ex. B, General Terms and Conditions Section II.8., Declarations Item 1. |
| 5. Both the D&O Coverage Part and the Entity Coverage Part define the term "claim," in relevant part, to require a "written demand…" The D&O Coverage Part requires the "written demand" to be made "against an **Insured Person**[.]" The Entity Coverage Part requires the "written demand" to be made "against [The Focal Point] or any **Susbsidiary**[.]" | 5. Faas Decl., Ex. B, D&O Coverage Part Section II.1.(a); Entity Coverage Part Section II.1.(a). |
| 6. The Insuring Agreement to the D&O Coverage Part provides that:<br><br>    [Continental] shall pay all **Loss** resulting from any **Claim** first made against any **Insured Person** during the **Policy Period** or the Extended Reporting Period, if applicable, for a **Wrongful Act**. Such payment shall be on behalf of such **Insured Person** except and to the extent the **Named Company** or any **Subsidiary** has indemnified them for such **Loss**. Such payment shall be on behalf of the **Named Company** or any **Subsidiary** thereof if such organizations are required, or have determined as permitted by law, to indemnify the **Insured Persons** for such **Loss**. | 6. Faas Decl., Ex. B, D&O Coverage Part Section I. |

| 7. The D&O Coverage Part defines **Wrongful Act** as follows:<br><br>a.  Any actual or alleged error, misstatement, misleading statement, act, omission, neglect or *breach of duty* committed or attempted by the **Insured Persons** in their capacity as such or in an **Outside Position**, or<br><br>b.  any matter claimed against the **Insured Persons** solely by reason of their serving in such capacity or in an **Outside Position.** | 7. Faas Decl., Ex. B, D&O Coverage Part Section II.6. |
|---|---|

Ross, Dixon & Bell, LLP
5 Park Plaza, Suite 1200
Irvine, CA 92614-8592

| | |
|---|---|
| 8. The D&O Coverage Part also provides that Continental "shall not be liable to pay any **Loss** under [the D&O] Coverage Part in connection with any **Claim** made against the **Insured Persons** . . . by or on behalf of any of the other **Insured Persons** in any capacity, except and to the extent that…such **Claim** is in the form of a crossclaim, third-party claim or otherwise for contribution or indemnity which is part of and results directly from a **Claim** which is not otherwise excluded under this Coverage Part[.]" | 8. Faas Decl., Ex. B, D&O Coverage Part Section IV.1.(g). |
| 9. The D&O Coverage Part defines **Insured Persons**, in part, to mean "all past, present or future duly elected or appointed directors and/or officers of [The Focal Point] . . . and managers in the event [The Focal Point] . . . is a limited liability company . . ." | 9. Faas Decl., Ex. B, D&O Coverage Part Section II.2.(a). |

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

| | |
|---|---|
| 10. The Entity Coverage Part provides, in part, that Continental "shall pay on behalf of [The Focal Point] . . . **Loss** resulting from any **Claim** first made during the **Policy Period** . . . against [The Focal Point] . . . for a **Wrongful Act**." | 10. Faas Decl., Ex. B, Entity Coverage Part Section I. |
| 11. The Entity Coverage Part defines **Wrongful Act** as follows:<br><br>**Wrongful Act** means any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty committed or attempted by **Named Company** or any **Subsidiary**, or by any natural person for whose **Wrongful Act** the **Named Company Insured** is legally responsible. | 11. Faas Decl, Ex. B, Entity Coverage Part Section II.4. |
| 12. The Entity Coverage Part defines **Insured Persons**, in part, to mean "all past, present or future duly elected or appointed directors, officers, and **Employees** of [The Focal Point] or any **Subsidiary**, and managers in the event [The Focal Point] or such Subsidiary is a limited liability company . . ." | 12. Faas Decl., Ex. B, Entity Coverage Part Section II.2. |

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

| | |
|---|---|
| 13. Entity Coverage Part Exclusion (f) provides that Continental "shall not be liable to pay **Loss** under [the Entity] Coverage Part in connection with any **Claim** made against [The Focal Point] or any **Subsidiary**…by or on behalf of any past, present or future duly elected or appointed director or officer of [The Focal Point] or any **Subsidiary** in any capacity, except and to the extent that such **Claim** is in the form of a cross-claim, third-party claim or otherwise for contribution or indemnity which is part of and results directly from a **Claim** which is not otherwise excluded under this Coverage Part." | 13. Faas Decl., Ex. B, Entity Coverage Part Section III.1.(f). |

| | |
|---|---|
| 14. The Entity Coverage Part provides that Continental "shall not be liable to pay any **Loss** under [the Entity] Coverage Part in connection with any **Claim** made against [The Focal Point] . . . for breach of any written or oral contract or agreement, provided this exclusion shall not apply to the extent that [The Focal Point] or such **Subsidiary** would have been liable in the absence of such contract or agreement[.]" | 14. Faas Decl., Ex. B, Entity Coverage Part Section III.1.(l). |
| 15. The Policy provides that Continental "has the right and duty to defend all **Claims**, even if the allegations are groundless, false or fraudulent." This provision is applicable to both the D&O and Entity Coverage Parts. | 15. Faas Decl., Ex. B, General Terms and Conditions Section VI.1. |
| 16. On or about November 29, 2006, four members of Focal Point voted to expel Brian Ward, also a Focal Point member, from the membership of the LLC, effective November 30, 2006. | 16. Spingler Decl. ¶ 9. |

| | |
|---|---|
| 17. Mr. Ward made a written demand by way of an email from his counsel sent on December 1, 2006 with a 4:38 p.m. time-stamp. | 17. Faas Decl., Ex. C; Spingler Decl. Ex. C. |
| 18. On or about December 29, 2006, through its insurance broker, The Focal Point tendered Mr. Ward's allegations to Continental, which tender notice was received by Continental on or about January 2, 2007. | 18. Faas Decl., Ex. D; Spingler Decl. ¶ 12. |
| 19. On or about January 23, 2007, Continental requested a more formal demand from Mr. Ward. | 19. Declaration of Ethan Miller in Support of Plaintiffs' Motion for Partial Summary Judgment, Ex. C ("Miller Decl."). |
| 20. On or about January 29, 2007, Mr. Ward, through counsel, sent a letter to Plaintiffs' counsel setting forth his allegations. | 20. Declaration of Elliot R. Peters in Support of Plaintiffs' Motion for Partial Summary Judgment, *Submitted Under Seal*, ¶ 3 and Ex. A ("Peters Decl."). |
| 21. On February 5, 2007, Continental wrote to Plaintiffs and asserted that there was no coverage for the Ward Claim. | 21. Faas Decl, Ex. E; Miller Decl., Ex. D. |

| | |
|---|---|
| 22. By letter dated March 20, 2007, Plaintiffs' counsel contested Continental's assertions, asserted that the Ward claim constituted both a direct claim by the individual members of The Focal Point against The Focal Point itself, and requested that Continental reconsider its coverage position. | 22. Faas Decl., Ex. F; Miller Decl., Ex. E. |
| 23. In a letter dated April 23, 2007, Continental reaffirmed its denial of coverage for the Ward Claim. | 23. Faas Decl., Ex. G; Miller Decl., Ex. F. |
| 24. On July 25, 2007, Mr. Spingler provided Continental with a written demand made on The Focal Point by the Individual Insureds for indemnification for the Ward Claim pursuant to the Operating Agreement. | 24. Faas Decl., Ex. H; Spingler Decl., Ex. H. |

| | |
|---|---|
| 25. The Operating Agreement provides, in part, that the Members [of The Focal Point] desire to provide for the indemnification of each Member by the Company for any claims which may be asserted against any Member for liability or damages caused by or in connection with (i) any claim arising out of, related to or in connection with services rendered or performed for or on behalf of the Company ; or [other "Company Obligations."] and that The Focal Point "agrees to indemnify, defend and hold harmless each of the Members ("Indemnification") from any and all liabilities, costs, losses, claims, demands, expenses, damages or other charges (including without limitation, costs, expenses and reasonable attorneys' and accountants' fees) arising from or as a result of a Company Obligation[.]" | 25. Spingler Decl. Exh. B at 8.1(a) and (b) |
| 26. In response to the July 25, 2007 letter, on July 31, 2007, Continental reasserted its denial of coverage. | 26. Faas Decl., Ex. I.; Spingler Decl., Ex. H. |

| | |
|---|---|
| 31. Plaintiffs have represented to Continental that they have incurred defense costs in connection with the Ward Claim. Continental has not requested and Plaintiffs have not provided defense bills to Continental confirming the amount incurred. | 31. Spingler Decl., ¶11. |
| 32. The Policy premiums were timely paid. | 32. Spingler Decl. ¶ 6. |

Dated: April 4, 2008

Respectfully submitted,

ROSS, DIXON & BELL, LLP

By: /s/ Richard A. Simpson
    Richard A. Simpson
    Monique M. Fuentes

SQUIRE SANDERS & DEMPSEY, L.L.P.

By: /s/ Ethan A. Miller
    Ethan A. Miller
    Daniel T. Balmat

| | |
|---|---|
| 27. On August 13, 2007, Continental sent its final letter reasserting its denial of coverage for the Ward Claim. | 27. Faas Decl., Ex. J; Miller Decl. Ex. J. |
| 28. On or about October 31, 2007, The Focal Point and the Individual Insureds participated in a mediation session with Mr. Ward and reached a settlement in principle. | 28. Peters Decl., ¶ 4 and Exhibit B, *Submitted Under Seal*. |
| 29. The terms of the settlement are confidential and have been submitted to the Court under seal. | 29. Peters Decl., ¶ 4 and Exhibit B; Miller Decl., Ex. K. |
| 30. On or about November 6, 2007, Plaintiffs sent a letter to Continental enclosing a copy of a draft settlement agreement.. Continental did not respond to the November 6, 2007 letter or draft settlement agreement enclosure. | 30. Miller Decl., Ex. K, *Submitted Under Seal*. |

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

858387 v 1

- 11 -

JOINT STATEMENT OF UNDISPUTED FACTS
Case No. C07-05764-MHP

| | |
|---|---|
| 31. Plaintiffs have represented to Continental that they have incurred defense costs in connection with the Ward Claim. Continental has not requested and Plaintiffs have not provided defense bills to Continental confirming the amount incurred. | 31. Spingler Decl., ¶11. |
| 32. The Policy premiums were timely paid. | 32. Spingler Decl. ¶ 6. |

Dated: April 4, 2008

Respectfully submitted,

ROSS, DIXON & BELL, LLP

By:  /s/ Richard A. Simpson
    Richard A. Simpson
    Monique M. Fuentes

SQUIRE SANDERS & DEMPSEY, L.L.P.

By:  /s/ Ethan A. Miller
    Ethan A. Miller
    Daniel T. Balmat