Monique M. Fuentes (#205501)
(mfuentes@rdblaw.com)
ROSS, DIXON & BELL, LLP
5 Park Plaza, Suite 1200
Irvine, California 92614-8529
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Richard A. Simpson (*Pro hac vice*)
(rsimpson@rdblaw.com)
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Defendant Continental Casualty Company, on behalf of itself and "CNA Insurance Company, Inc.," which is not a legal entity*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| THE FOCAL POINT, LLC, a California limited liability company; ANDREW SPINGLER; LINDA SPINGLER; G. CHRISTOPHER RITTER; and SCOTT HILTON,<br><br>Plaintiffs,<br><br>vs.<br><br>CNA INSURANCE COMPANY, INC.; CONTINENTAL CASUALTY COMPANY,<br><br>Defendants. | Case No. C-07-05764 MHP<br><br>**DEFENDANT CONTINENTAL CASUALTY COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ETHAN A. MILLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Opposition, Evidentiary Objection to Spingler Declaration and Joint Statement of Undisputed Facts Filed Concurrently Herewith; [Proposed] Order Lodged Concurrently Herewith]<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br>Dept. 15 |

Defendant Continental Casualty Company ("Continental") hereby objects to the Declaration of Ethan A. Miller dated January 30, 2008, and offered in support of Plaintiffs The Focal Point, LLC, Andrew Spingler, Linda Spingler, G. Christopher Ritter and Scott Hilton's Motion for Partial Summary Judgment. Continental objects as follows:

<u>Declaration of Ethan A. Miller</u>, paragraph 2, lines 8-11, which states that "…the claim made against the Plaintiffs by Brian Ward ("Ward"), …"

<u>Objection</u>: Mr. Miller's statement that a claim was made by Brian Ward against Focal Point itself is inadmissible opinion testimony under Federal Rule of Evidence 701. Moreover, Mr. Miller's statement is precluded from admission under Federal Rule of Evidence 602 as it is conclusory and lacks personal knowledge. Mr. Miller provides no foundation as to his personal knowledge that Mr. Ward was asserting a claim against Plaintiff The Focal Point. Indeed, there is evidence to the contrary demonstrating that Mr. Ward was *not* asserting a claim against Plaintiff Focal Point. *See* Continental's Opposition at 3; Declaration of Elliot R. Peters in Support of Plaintiffs' Motion for Partial Summary Judgment, *Submitted Under Seal*, ¶ 3 and Ex. A.

<u>Declaration of Ethan A. Miller</u>, page 1, paragraph 5, lines 27-28, page 2, paragraph 5, lines 1-4, which states that "CNA claimed that coverage was not available under the Directors & Officers coverage part of the Policy because Ward was an 'Insured' under the policy, and 'insured vs. insured' claims were excluded from coverage. CNA further claimed that coverage was not available under the Entity Liability coverage part because, CNA alleged, based on the January 29 letter from Ward's attorney, it understood the Ward claim to be against the individual plaintiffs, and that no claim had been made against The Focal Point itself."

<u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of Evidence 802. The February 5, 2007 letter from Joy Sable to Mr. Miller speaks for itself, and thus Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

<u>Declaration of Ethan A. Miller</u>, paragraph 6, lines 8-12, which states that "I noted, among other things, that the Operating Agreement for The Focal Point requires the company to defend and indemnify its individual members from claims such as the Ward claim and that, because Spingler et al. had at all relevant times been working on behalf of The Focal Point, a defense was

1 owed to them by the company, and thus there existed a claim against The Focal Point."

2 <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of
3 Evidence 802. The March 20, 2007 letter from Mr. Miller to Joy Sable speaks for itself, and thus
4 Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

5 <u>Declaration of Ethan A. Miller</u>, paragraph 7, line 15, which states that "…once again on
6 the ground that no claim had been made against The Focal Point."

7 <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of
8 Evidence 802. The April 5, 2007 letter from Joy Sable to Mr. Miller speaks for itself, and thus
9 Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

10 <u>Declaration of Ethan A. Miller</u>, paragraph 8, lines 17-22, which states that "In my letter to
11 CNA I reiterated that, under the law, the fact that CNA had a coverage dispute with the plaintiffs
12 did not relieve CNA of its duty to reimburse the plaintiffs for their defense costs. I also pointed
13 out the fact that CNA had ignored the fact that, because The Focal Point's Operating Agreement
14 provided that the company was required to defend and indemnity Spingler et al., a claim
15 necessarily existed against The Focal Point itself."

16 <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of
17 Evidence 802. The April 23, 2007 letter from Mr. Miller to Joy Sable speaks for itself, and thus
18 Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

19 <u>Declaration of Ethan A. Miller</u>, paragraph 9, lines 25-27, which states that "This letter did
20 not address the indemnity issue that I had pointed out in my previous letter, and instead simply
21 repeated the position taken in the April 23 letter, and stated that "[CNA] will continue to treat this
22 matter as a notice of a potential claim only[.]"

23 <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of
24 Evidence 802. The letter from Joy Sable to Ethan Miller marked May 2007 speaks for itself, and
25 thus Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

26 <u>Declaration of Ethan A. Miller</u>, paragraph 10, line 2, which states that "…noted that this
27 letter threatened immediate legal action against plaintiffs."

28 <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of

1  Evidence 802. The August 1, 2007 letter from Mr. Miller to Joy Sable speaks for itself, and thus
2  Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.
3  <u>Declaration of Ethan A. Miller</u>, paragraph 11, lines 5-7, which states that "CNA once
4  again summarily denied coverage for the Ward claim. Once again, CNA did not address the issue
5  of indemnify, but simply stated that it was denying coverage for reasons 'set forth in Ms. Sable's
6  prior correspondence[.]'"
7  <u>Objection</u>: This statement by Mr. Miller is inadmissible hearsay under Federal Rule of
8  Evidence 802. The August 13, 2007 letter from Jennifer Faas to Mr. Miller speaks for itself, and
9  thus Mr. Miller's characterization of the contents of that letter constitutes inadmissible hearsay.

Dated: April 4, 2008

Respectfully submitted,

ROSS DIXON & BELL, LLP


By: /s/ Richard A. Simpson
    Richard A. Simpson
    Monique M. Fuentes

*Attorneys for Defendant Continental Casualty Company, on behalf of itself and "CNA Insurance Company, Inc.," which is not a legal entity*