1  Monique M. Fuentes (#205501)
       (mfuentes@rdblaw.com)
2  ROSS, DIXON & BELL, LLP
   5 Park Plaza, Suite 1200
3  Irvine, California 92614-8529
   Telephone: (949) 622-2700
4  Facsimile: (949) 622-2739

5  Richard A. Simpson (*Pro hac vice*)
       (rsimpson@rdblaw.com)
6  ROSS, DIXON & BELL, LLP
   2001 K Street, NW
7  Washington, DC 20006-1040
   Telephone: (202) 662-2000
8  Facsimile: (202) 662-2190

9  *Attorneys for Defendant Continental Casualty Company,*
   *on behalf of itself and "CNA Insurance Company, Inc.,"*
10 *which is not a legal entity*

11              UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

13

14 THE FOCAL POINT, LLC, a California limited    Case No. C-07-05764 MHP
   liability company; ANDREW SPINGLER;
15 LINDA SPINGLER; G. CHRISTOPHER
   RITTER; and SCOTT HILTON,
16                                                **DEFENDANT CONTINENTAL**
              Plaintiffs,                         **CASUALTY COMPANY'S**
17                                                **EVIDENTIARY OBJECTIONS TO**
         vs.                                      **DECLARATION OF ANDREW**
18                                                **SPINGLER IN SUPPORT OF**
   CNA INSURANCE COMPANY, INC.;                   **PLAINTIFFS' MOTION FOR PARTIAL**
19 CONTINENTAL CASUALTY COMPANY,                  **SUMMARY JUDGMENT**

20            Defendants.                         [Opposition, Evidentiary Objection to Miller
                                                  Declaration and Joint Statement of Undisputed
21                                                Facts Filed Concurrently Herewith; [Proposed]
                                                  Order Lodged Concurrently Herewith]
22

23                                                Date: April 28, 2008
                                                  Time: 2:00 p.m.
24                                                Dept. 15

25

26

27

28

858342 v 1                                                    EVIDENTIARY OBJECTIONS TO
                                                              DECLARATION OF ANDREW SPINGLER
                                                              Case No. C07-05764-MHP

Defendant Continental Casualty Company ("Continental") hereby objects to the Declaration of Andrew Spingler dated January 29, 2008, and offered in support of Plaintiffs The Focal Point, LLC, Andrew Spingler, Linda Spingler, G. Christopher Ritter and Scott Hilton's Motion for Partial Summary Judgment. Continental objects as follows:

<u>Declaration of Andrew Spingler</u>, paragraph 5, lines 27-28, which states that "The Focal Point asked its insurance broker to identify an insurance company that offered a policy affording such coverage."

<u>Objection</u>: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of Evidence 802.

<u>Declaration of Andrew Spingler</u>, paragraph 6, lines 6-7, which states that "…The Focal Point has otherwise satisfied all of its obligations under the Policy."

<u>Objection</u>: This statement by Mr. Spingler is precluded from admission under Federal Rule of Evidence 602 as it is conclusory and lacks foundation as to personal knowledge. Mr. Spingler provides no foundation as to his personal knowledge that Focal Point has satisfied its obligations under the insurance policy issued by Continental to Focal Point (the "Continental Policy"). Mr. Spingler's statement is also inadmissible opinion testimony under Federal Rule of Evidence 701. Moreover, Mr. Spingler's statement is inadmissible hearsay under Federal Rule of Evidence 802. The Continental Policy, including Focal Point's obligations thereunder, speaks for itself.

<u>Declaration of Andrew Spingler</u>, paragraph 7, lines 9-10, which states that "The other substantive terms of the Policy were not modified by the renewal."

<u>Objection</u>: Mr. Spingler's statement is objectionable as vague in its use of the phrase "substantive terms." This statement by Mr. Spingler is also precluded from admission under Federal Rule of Evidence 602 as it is conclusory and lacks foundation as to personal knowledge. Mr. Spingler provides no foundation as to his personal knowledge of whether "substantive terms" of the Continental Policy were modified in the renewal process. This statement by Mr. Spingler is also inadmissible hearsay under Federal Rule of Evidence 802. The Continental Policy speaks for itself.

1    <u>Declaration of Andrew Spingler</u>, paragraph 9, lines 17-19. This portion of Mr. Spingler's
2    declaration was filed by Plaintiffs under seal. Accordingly, Continental directs the Court to the
3    Declaration of Andrew Spingler submitted under seal at paragraph 9, lines 17-19.

4    <u>Objection</u>: Mr. Spingler's statement is precluded from admission under Federal Rule of
5    Evidence 602. Mr. Spingler provides no foundation as to his personal knowledge for this
6    statement. Moreover, Mr. Spingler's statement is inadmissible opinion testimony under Federal
7    Rule of Evidence 701.

8    <u>Declaration of Andrew Spingler</u>, paragraph 9, lines 19-22. This portion of Mr. Spingler's
9    declaration was filed by Plaintiffs under seal. Accordingly, Continental directs the Court to the
10   Declaration of Andrew Spingler submitted under seal at paragraph 9, lines 19-22.

11   <u>Objection</u>: Mr. Spingler's statement regarding statements made by himself and the other
12   Focal Point members to Mr. Ward is inadmissible hearsay under Federal Rule of Evidence 802.

13   <u>Declaration of Andrew Spingler</u>, page 2, paragraph 10, lines 25-27 which states that
14   "…Ward indicated to me and the other members that he disputed our authority to expel him, and
15   that he intended to contest that action."

16   <u>Objection</u>: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
17   Evidence 802.

18   <u>Declaration of Andrew Spingler</u>, page 2, paragraph 10, lines 27-28 and page 3, paragraph
19   10, lines 1-2 which states that "On that same date, counsel for Ward contacted counsel for The
20   Focal Point and suggested that the action to expel Ward constituted a breach of a fiduciary duty
21   purportedly owed by the plaintiffs to Ward. On or about December 1, 2007 [sic] Ward's counsel
22   sent an email to counsel for the plaintiffs repeating this position."

23   <u>Objection</u>: Several portions of this statement by Mr. Spingler are inadmissible hearsay
24   under Federal Rule of Evidence 802, specifically, Mr. Spingler's characterization of statements
25   by Mr. Ward's counsel on December 1, 2006 and Mr. Spingler's characterization of the contents
26   of the December 1, 2006 email sent by counsel for Mr. Ward. The December 1, 2006 email
27   speaks for itself.

28   <u>Declaration of Andrew Spingler</u>, page 3, paragraph 10, lines 3-5 which states that "On or

1 about January 29, 2007 Ward, through counsel, disputed his expulsion, and formally demanded
2 that The Focal Point buy out his interest in the company, or face legal action."
3     Objection: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
4 Evidence 802.
5     Declaration of Andrew Spingler, paragraph 11, lines 8-9, which states that "To date, these
6 firms have billed The Focal Point approximately $73,000 in fees and expenses relating to their
7 work on the Ward matter."
8     Objection: This statement by Mr. Spingler is precluded from admission under Federal
9 Rule of Evidence 602 as it is conclusory and lacks foundation as to personal knowledge. Mr.
10 Spingler provides no foundation as to his personal knowledge of attorneys' fees incurred by Focal
11 Point. In addition, to the extent Mr. Spingler is attempting to characterize invoices for attorneys'
12 fees that Focal Point may have incurred, Mr. Spingler's statement would be inadmissible hearsay
13 under Federal Rule of Evidence 802. Any such billing records would speak for themselves.
14     Declaration of Andrew Spingler, paragraph 13, lines 16-22, which states that "CNA
15 denied coverage under the Directors & Officers Coverage part of the Policy because, CNA
16 claimed, Ward was an 'Insured Person' under the Policy and the Directors & Officers Coverage
17 part excludes 'insured vs. insured' claims. CNA also denied coverage under the Entity Liability
18 Coverage part, arguing that because Ward characterized his claim as one against the individual
19 members of The Focal Point, and not as a claim specifically against The Focal Point itself, there
20 was no claim against The Focal Point."
21     Objection: This statement by Mr. Spingler is precluded from admission under Federal
22 Rule of Evidence 602. Mr. Spingler provides no foundation as to his personal knowledge of
23 Continental's coverage position. To the extent Mr. Spingler is attempting to characterize the
24 February 5, 2007 correspondence from Joy Sable to Ethan Miller, his statements would be
25 inadmissible hearsay under Federal Rule of Evidence 802. The February 5, 2007 letter speaks for
26 itself.
27     Declaration of Andrew Spingler, paragraph 14, lines 23-28, which states that "The Focal
28 Point and its members, both directly and through counsel, attempted to demonstrate to CNA that

858342 v 1                               - 4 -                    EVIDENTIARY OBJECTIONS TO
                                                                  DECLARATION OF ANDREW SPINGLER
                                                                  Case No. C07-05764-MHP

1  its denial of coverage was incorrect because the Ward claim was fundamentally against *both* The

2  Focal Point *and* its members. Specifically, the plaintiffs pointed out to CNA the fact that, in his

3  initial demand letter, Ward stated that The Focal Point ultimately would have to pay the costs of

4  defending a lawsuit against its members, and would have to pay any judgment."

5  <u>Objection</u>: This statement by Mr. Spingler is precluded from admission under Federal

6  Rule of Evidence 602. Mr. Spingler provides no foundation as to his personal knowledge of

7  statements made by "The Focal Point and its members." Mr. Spingler's statement is also vague

8  as he fails to state which individuals made statements to Continental. Mr. Spingler cannot speak

9  for unidentified third parties. The statement is also vague as to the medium of communication

10 with Continental. Additionally, Mr. Spingler's statement is inadmissible hearsay under Federal

11 Rule of Evidence 802. To the extent Mr. Spingler is attempting to characterize correspondence

12 written by "The Focal Point and its members," any such correspondence would speak for itself.

13 Moreover, Mr. Spingler's characterization of any statements made by other Focal Point members

14 (or other unidentified third parties) is also inadmissible hearsay.

15 <u>Declaration of Andrew Spingler</u>, paragraph 15, lines 1-5, which states that "…we

16 explained to CNA that, pursuant to the Operating Agreement, The Focal Point has a duty to

17 defend and indemnify its members against the Ward claim. We further explained that, by

18 tendering the Ward claim to CNA, the members of The Focal Point were effectively making a

19 claim against The Focal Point for defense and indemnity, a claim which should be covered under

20 the Entity Coverage part."

21 <u>Objection</u>: Mr. Spingler's statement is objectionable as vague in its references to "we."

22 Mr. Spingler cannot speak for unidentified third parties. In addition, Mr. Spingler's statement is

23 inadmissible hearsay under Federal Rule of Evidence 802. To the extent Mr. Spingler is

24 attempting to characterize the May 10, 2007 correspondence from Mr. Spingler to Joy Sable, this

25 letter speaks for itself. Moreover, Mr. Spingler's characterization of any statements made by

26 other Focal Point members (or other unidentified third parties) is also inadmissible hearsay.

27 <u>Declaration of Andrew Spingler</u>, paragraph 16, lines 8-10, which states that "CNA

28 responded to our notice to CNA of the claim for defense and indemnity that the members had

858342 v 1

- 5 -

EVIDENTIARY OBJECTIONS TO
DECLARATION OF ANDREW SPINGLER
Case No. C07-05764-MHP

1  made against The Focal Point by stating that '[CNA] will continue to treat this matter as a notice
2  of a *potential claim only* under the Entity Liability Coverage Part.'"
3      Objection: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
4  Evidence 802. The letter from Joy Sable to Ethan Miller marked May 2007 speaks for itself, and
5  thus Mr. Spingler's characterization of the contents of that letter constitutes inadmissible hearsay.
6      Declaration of Andrew Spingler, paragraph 17, lines 15-16, which states that "…the
7  members had indeed made a claim against The Focal Point, and that they expected that The Focal
8  Point would defend and indemnify them."
9      Objection: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
10 Evidence 802. The July 8, 2007 letter from Christopher Ritter to Joy Sable speaks for itself, and
11 thus Mr. Spingler's characterization of the contents of that letter constitutes inadmissible hearsay.
12     Declaration of Andrew Spingler, paragraph 18, lines 18-20, which states that "…refused
13 to acknowledge that a claim against The Focal Point had been tendered to CNA. CNA's Claims
14 Consultant stated that: [T]hese individuals are seeking insurance coverage under a policy of
15 insurance; not filing an actual claim against the Insured Entity or other Directors or Officers of
16 The Focal Point. My understanding was that the only actual 'claim' at issue is the one brought by
17 Mr. Ward against those same individual General Members. If that is not the case, and there are
18 additional prospective claims being made, please clarify and I will of course evaluate
19 accordingly."
20     Objection: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
21 Evidence 802. The July 19, 2007 letter from Joy Sable to Christopher Ritter speaks for itself, and
22 thus Mr. Spingler's characterization of the contents of that letter constitutes inadmissible hearsay.
23     Declaration of Andrew Spingler, paragraph 19, lines 3-4, which states that "…I notified
24 myself that each of the individual members was entitled to and had demanded defense and
25 indemnity from The Focal Point for the Ward claim…"
26     Objection: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
27 Evidence 802. The July 25, 2007 letter from Mr. Spingler speaks for itself, and thus Mr.
28 Spingler's characterization of the contents of that letter constitutes inadmissible hearsay.

ROSS, DIXON & BELL, LLP
5 PARK PLAZA, SUITE 1200
IRVINE, CA 92614-8592

858342 v 1

- 6 -

EVIDENTIARY OBJECTIONS TO
DECLARATION OF ANDREW SPINGLER
Case No. C07-05764-MHP

1   <u>Declaration of Andrew Spingler</u>, paragraph 20, lines 9-13, which states that "…based on
2   previously stated grounds, but also on the new grounds that the individual managers were
3   'seeking coverage based upon an alleged breach of the Company's Operating Agreement' – even
4   though no previous communications from Ward, The Focal Point or its members had mentioned
5   any breach of any contract – and that such claims were excluded by Policy Exclusion 1."

6   <u>Objection</u>: This statement by Mr. Spingler is inadmissible hearsay under Federal Rule of
7   Evidence 802. The July 31, 2007 letter from Joy Sable to Mr. Spingler speaks for itself, and thus
8   Mr. Spingler's characterization of the contents of that letter constitutes inadmissible hearsay.

9   <u>Declaration of Andrew Spingler</u>, paragraph 22, lines 22-23. This portion of Mr.
10  Spingler's declaration was filed by Plaintiffs under seal. Accordingly, Continental directs the
11  Court to the Declaration of Andrew Spingler submitted under seal at paragraph 22, lines 22-23.

12  <u>Objection</u>: To the extent Mr. Spingler is attempting to characterize a settlement
13  agreement with Mr. Ward, Mr. Spingler's statement is inadmissible hearsay. Any such agreement
14  speaks for itself.

15  <u>Declaration of Andrew Spingler</u>, paragraph 23, lines 25-28, which states that "The Focal
16  Point, although successful and respected in its industry, remains the quintessential small business.
17  The Focal Point has limited resources and the settlement… will have a significant impact on The
18  Focal Point's operations." The remainder of this statement at line 27 was filed by the Plaintiffs
19  under seal. Accordingly, Continental directs the Court to the Declaration of Andrew Spingler
20  submitted under seal at paragraph 23, line 27.

21  <u>Objection</u>: This statement by Mr. Spingler is precluded from admission under Federal
22  Rule of Evidence 602. Mr. Spingler provides no foundation as to his personal knowledge as to
23  how Focal Point is viewed "in its industry." Nor does Mr. Spingler provide foundation as to his
24  personal knowledge of how the settlement with Mr. Ward will impact Focal Point's operations.
25  Mr. Spingler's statement is also inadmissible opinion testimony under Federal Rule of Evidence
26  701.

27
28

1 | Dated: April 4, 2008

Respectfully submitted,

ROSS DIXON & BELL, LLP

By: /s/ Richard A. Simpson
Richard A. Simpson
Monique M. Fuentes

*Attorneys for Defendant Continental Casualty Company, on behalf of itself and "CNA Insurance Company, Inc.," which is not a legal entity*