# EXHIBIT C

**David, M. Sarah Lansang**

| | |
|---|---|
| **From:** | Gerald Niesar [gniesar@ncblaw.com] |
| **Sent:** | Friday, December 01, 2006 4:40 PM |
| **To:** | Joseph S. Radovsky |
| **Subject:** | The Focal Point |

Joe:

I will not be able to get ;you a formal letter regarding the breach of fiduciary duty issue until Monday.  In short, however, the Jones v. Ahmanson case (1 Cal. 3d 93 (1969)) established that a group of majority shareholders could not band together to create a situation that would work the the prejudice of the minority shareholders--in that case essentially freezing the minority shareholder out of the goodwill value of the corporation.  Since 1969, Jones v. Ahamanson has been widely cited and followed for the proposition that the majority owners of a business, of any form, cannot act in concert to the detriment of the minority.  When an equity holder alleges a breach of fiduciary duty as exemplified in the Ahmanson case, the duty is on the defendants to demonstrate their good faith and the inherent fairness to the entity (and other shareholders) of their action.  If the position that the other General Members of The Focal Point is that my client waived the right to hold them responsible for breaching a fiduciary duty to him by virtue of the Operating Agreement provision that purports to allow them to "expel" a General Member and pay an amount that is a small fraction of the value of his interest in the company, that position is completely at odds with  Neubauer v. Goldfarb, 108 Cal. App. 4th 47 (2d Dist. 2003) which addressed a shareholder agreement to sell stock in a closely held corporation that was claimed to constitute a waiver of any prospective breach of fiduciary duty by controlling persons of the applicable corporation; the court held that any agreement purporting to waive a fiduciary duty, which is a species of intentional wrongdoing, is void as a matter of public policy as specified in California Civil Code Section 1668.  I hope this helps as an interim step.

As a matter of curiosity and some marginal relevance, although not to the dispute involving The Focal Point, I wonder if you have seen the case decided November 6 in the Delaware Supreme Court regarding the relationship of the duty of good faith and fair dealing to the concept of fiduciary duties.  Ultimately, as I understand the Court's opinion, it was explained that:  "although good faith may be described colloquially as part of a "triad" of fiduciary duties that includes the duties of care and loyalty, the obligation to act in good faith does not establish an independent fiduciary duty that stands on the same footing as the duties of care and loyalty. "  Since I have said I believe the four General Members' actions would violate both their fiduciary duties and the duty of good faith and fair dealing, I found the discussion in the Delaware case interesting.  I found even more interesting the fact that the lead defendant (who prevailed in the matter) was named C. Ritter (different guy though).


Gerry

Gerald V. Niesar
Niesar Curls Bartling & Whyte, LLP
90 New Montgomery Street, 9th Floor
San Francisco, CA 94105
P: 415-882-5300 x. 232
F: 415-882-5400

# EXHIBIT D

**ACORD** **GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM**

| | | DATE (MM/DD/YYYY) 12/28/2006 |
|---|---|---|

| AGENCY | PHONE (A/C, No, Ext): 925-299-1112 | | | CSR HG | |
|---|---|---|---|---|---|

California Insurance Center
CA Lic. # 0423393
3697 Mt. Diablo Blvd., #300
Lafayette CA 94549
Daniel McCormick

| NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|
| NOTICE OF CLAIM | 11/29/06 | PM | | YES ☐ NO ☐ |
| EFFECTIVE DATE 12/01/05 | EXPIRATION DATE 12/01/06 | OCCURRENCE | CLAIMS MADE | RETROACTIVE DATE |

| FAX (A/C, No): 925-299-0328 | E-MAIL ADDRESS: |
|---|---|

| COMPANY | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|
| CNA Insurance Companies | | |

| CODE: | SUB CODE: | POLICY NUMBER 268060719 | REFERENCE NUMBER |
|---|---|---|---|
| AGENCY CUSTOMER ID: FOCAL-1 | | | |

**INSURED**

| | | **CONTACT** | CONTACT INSURED |
|---|---|---|---|

| NAME AND ADDRESS | SOC SEC # OR FEIN: | NAME AND ADDRESS | WHERE TO CONTACT 415 954 0288 |
|---|---|---|---|
| The Focal Point LLC Linda Spingler 85 Thundercloud Road Santa Fe NM 87506 | | Insured attorney Ethan Miller Ins Atty: Joe Radovski 415.981.1400 | WHEN TO CONTACT |

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 510 208-1760 | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) |
|---|---|---|---|

**OCCURRENCE**

| LOCATION OF OCCURRENCE (Include city & state) | | AUTHORITY CONTACTED |
|---|---|---|

| DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary) | Insured received notice of action pertaining to allegations that a minority shareholder was damaged by action(s) of other shareholders. |
|---|---|

**POLICY INFORMATION**

| COVERAGE PART OR FORMS (Insert form #s and edition dates) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | | PD |
| UMBRELLA/ EXCESS ☐ | UMBRELLA ☐ | EXCESS ☐ | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | | BI SIR/ DED |

**TYPE OF LIABILITY**

| PREMISES: INSURED IS | OWNER ☐ | TENANT ☐ | OTHER: | TYPE OF PREMISES |
|---|---|---|---|---|
| OWNER'S NAME & ADDRESS (If not insured) | | | | |
| PRODUCTS: INSURED IS | MANUFACTURER ☐ | VENDOR ☐ | OTHER: | OWNERS PHONE (A/C, No, Ext): |
| MANUFACTURER'S NAME & ADDRESS (If not insured) | | | | TYPE OF PRODUCT |
| WHERE CAN PRODUCT BE SEEN? | | | | MANUFACT PHONE (A/C, No, Ext): |
| OTHER LIABILITY IN-CLUDING COMPLETED OPERATIONS (Explain) | | | | |

**INJURED/PROPERTY DAMAGED**

| NAME & ADDRESS (Injured/Owner) | Brian Ward C/O Gerry Niesar 90 New Montgomery ST San Francisco CA 94105 | | PHONE (A/C, No, Ext) 415 882-5300 |
|---|---|---|---|
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
| DESCRIBE INJURY | | WHERE TAKEN | WHAT WAS INJURED DOING? |
| FATALITY ☐ | | | |
| DESCRIBE PROPERTY (Type, model, etc) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN PROPERTY BE SEEN? |

**WITNESSES**

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

| REMARKS |
|---|
| Consider under EPL and D&O. Email notice to Ins accompanies this notice. GL carrier  also be placed on notice Note: contact 2 attys for Insured |

| REPORTED BY Insured atty | REPORTED TO Dan McCormick, produ cer. | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER Daniel McCormick |
|---|---|---|---|

ACORD 3 (2004/06)    NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    © ACORD CORPORATION 1986

## Angelina Kis

| | |
|---|---|
| **From:** | QuantumView |
| **Date:** | Friday, December 29, 2006, 3:02pm |
| **To:** | Debra Evans |
| **Cc:** | |
| **Subject:** | UPS Ship Notification, Tracking Number 1Z95AR720193832749 |

***Do not reply to this e-mail. UPS and California Insurance Center will not receive your reply.

This message was sent to you at the request of California Insurance Center to notify you that the package information below has been transmitted to UPS. The package(s) may not have actually been placed with UPS for shipment. To verify when and if the shipment is tendered to UPS and its actual transit status, click on the tracking link below or contact California Insurance Center directly.

Important Delivery Information

Scheduled Delivery: 02-January-2007

Shipment Detail

Ship To:
c/o Claims Intake Manager
CNA Pro
40 Wall Street
8th Floor
NEW YORK
NY
100051304
US

Number of Packages☐1☐
UPS Service:☐NEXT DAY AIR☐
Shipment Type:☐Letter☐

☐
Tracking Number:☐1Z95AR720193832749☐
Reference Number 1:☐DE/rl/3☐

Click here
<http://wwwapps.ups.com/WebTracking/processRequest?HTMLVersion=5.0&Requester=NES&Agree ToTermsAndConditions=yes&loc=en_US&tracknum=1Z95AR720193832749> to track if UPS has received your shipment or visit
http://www.ups.com/WebTracking/track?loc=en_US on the Internet.

This e-mail contains proprietary information and may be confidential. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you received this message in error, please delete it immediately.

This e-mail was automatically generated by UPS e-mail services at the shipper's request. Any reply to this e-mail will not be received by UPS or the shipper. Please contact the shipper directly if you have questions regarding the referenced shipment or you wish to discontinue this notification service.

____2@@2@@2z81@eX6____

# EXHIBIT E



CNA Insurance Companies
1100 Cornwall Road Floor 3 Monmouth Junction NJ 08852-0904

Joy Sable
Claims Consultant
Global Specialty Lines
Telephone   732-398-4605
                    800-388-4584 x4605
Facsimile    732-398-5076
Internet      Joy.Sable@cna.com

February 5, 2007

Ethan Miller, Esq.
Squire, Sanders & Dempsey L.L.P
One Maritime Plaza
San Francisco, CA 94111

Re:  Insured: The Focal Point, LLC
Policy No.: 268060719
Issuing Company:  Continental Casualty Company
Policy Period: 12/1/2006-12/1/2008
Limit of Liability: $2,000,000
Claimant:  Brian Ward
Claim No.: SM000390

Dear Mr. Miller:

The Continental Casualty Company ("Continental") issued the above captioned policy (the "Policy") to the Insured, The Focal Point, LLC, for the Policy Period December 1, 2006 to December 1, 2008,  with a Limit of Liability of $2,000,000. On or about January 4, 2007, Continental received notice of a letter sent by counsel for Brian Ward a General Member of The Focal Point, setting forth a demand that the other General Members of the Company provide Mr. Ward with a "fair and just buyout of Mr. Ward's interest in the Focal Point". The letter specifically states that Mr. Ward's dispute is "solely with the other General Members, not with The Focal Point."

DIRECTORS AND OFFICERS LIABILITY COVERAGE PART

The Policy is of a "claims-made" nature and affords coverage, subject to its terms, conditions, and exclusions for Claims first made against Insureds during the Policy Period.  The Policy contains a Directors and Officers Liability Coverage Part ("D&O Coverage Part) which provides coverage, subject to its terms, conditions and exclusions, for Claims made against any Insured Person for a Wrongful Act during the Policy Period.  Specifically, the Insuring Agreement of the D&O Coverage Part provides as follows:

> The Insurer shall pay all Loss resulting from any Claim first made against any Insured Person during the Policy Period or the Extended Reporting Period, if applicable, for a Wrongful Act.  Such payment shall be on behalf of such Insured Person except and to the extent the Named Company or any Subsidiary has indemnified

them for such Loss. Such payment shall be on behalf of the Named Company or any Subsidiary thereof if such organizations are required, or have determined as permitted by law, to indemnify the Insured Persons for such Loss.

Please note that Section II.(2)(a) of the D&O Coverage part defines "Insured Persons" as:

> a. all past, present or future duly elected or appointed directors and/or officers of Named Company or any Subsidiary, and managers in the event the Named Company or such Subsidiary is a limited liability company, or with respect to a Subsidiary incorporated outside the United States, their functional equivalent;

> b. solely with respect to any Securities Claim, any other past, present or future full-time or part-time employees of Named Company or any Subsidiary, provided such other employees are not included as Insured Person for purposes of Exclusion 1(g) or 1(h) of this Coverage Part

Please also note that included within the definition of "Insured Persons" as set forth above, are "…managers in the event the Named Company or such Subsidiary is a limited liability company…". In addition, please take note of the following description of the The Focal Point's Management Structure as set forth in the Company's Operating Agreement at Article 6:

> 6.1 **Management.** The powers of the Company shall be under the authority of the General Members who, excepts as set forth herein, shall make all decisions and take all action for, and on behalf of, the Company, according to internal procedures that will be established from time-to-time, which procedures shall also govern the resolution of disagreements among the General Members. Any activity outside the ordinary course of business may be undertaken only with the approval of a

The Focal Point is a limited liability company. Mr. Ward, the claimant in this matter, is a General Member of the Focal Point. The General Members clearly act as the managers of the Company, and therefore Mr. Ward is considered an "Insured Person" under the Policy.

Please note the following exclusion at Section IV.(1)(h) of the D&O Coverage Part that excludes Loss in connection with any Claim made against Named Company or any Subsidiary:

    g.  by or on behalf of any of the other Insured Persons in any capacity, except and to the extent that:

        (1)  such Claim is by an officer who is not a director of Named Company for any employment-related Wrongful Act; or

        (2)  such Claim is in the form of a cross claim, third-party claim or otherwise for contribution of indemnity which is part of and results directly from a Claim which is not otherwise excluded under this Coverage Part;

In accordance with Exclusion "g" as set forth above, there is no coverage under the D & O Coverage Part for claims asserted by or on behalf of any of the other "Insured Persons" in any capacity". As Mr. Ward is clearly an "Insured Person" under the Policy, the above-referenced exclusion bars coverage for this claim. As the exceptions to this exclusion are inapplicable, there is no coverage under the Directors and Officers coverage part of the Policy.

## ENTITY LIABILITY COVERAGE PART

The Policy also contains an Entity Liability Coverage Part ("Entity Coverage Part), which provides coverage, subject to its terms, conditions, and exclusions, for Claims made against Insureds during the Policy Period. Specifically, the Entity Coverage Part states.

> The Insurer shall pay on behalf of Named Company or any Subsidiary, Loss resulting from any Claim first made during the Policy Period, if applicable, against Named Company or any Subsidiary for a Wrongful Act.

However, Mr. Ward makes is clear in his letter that "he does not have any claim against, or dispute with, TFP (The Focal Point). Therefore, as no claim is currently being directed against The Focal Point, there is no Entity Coverage available under the Policy.

## Employment Practices Liability Coverage Part

The Policy also contains an Employment Practices Liability Coverage Part (the "EPL Coverage Part") which affords coverage for Claims first made against Insured during the Policy Period by or on behalf of a natural person who is an Employee or applicant for employment for a Wrongful Employment Practice.

Please note the following definition of "Employee" and "Insured Persons" found in Section II. of the EPL Coverage Part:

> 3.  "Employee" means all past, present or future full-time part-time employees of Named Company or any Subsidiary, including seasonal and temporary employees and employees leased or loaned to Named Company Insured or any Subsidiary.

4.  "Insured Persons" means all past, present or future  duly elected or appointed directors and /or officers, and all Employees of Named Company or any Subsidiary, and managers in the event the Named Company or such Subsidiary is a limited liability company.

7.  Wrongful Employment Practice means any Wrongful Act constituting or relating to:

 a.  wrongful dismissal or discharge or termination of employment whether actual or constructive;

 b.  employment-related misrepresentation

 c.  violation of any federal, state or local laws (whether common-law or statutory) concerning employment or discrimination in employment including the Americans with Disabilities Act of 1992, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1966;

 d.  sexual harassment or other unlawful harassment in the work place;

 e.  wrongful deprivation of career opportunity or failure to employ or promote;

 f.  wrongful discipline of employees;

 g.  retaliation against employees for the exercise of any legally protected right or for engaging in any legally protected activity;

 h.  negligent evaluation of employees;

 i.  failure to adopt adequate workplace or employment policies and procedures

 j.  employment-related defamation or invasion of privacy; or

 k.  employment-related wrongful infliction of emotional distress.

In order to be covered under the EPL coverage part of the policy the Claim must be brought "by or on behalf of a natural person who is an Employee or applicant for employment for a Wrongful Employment Practice". Because Mr. Ward, is clearly, an "Insured Person", and not an "employee" of

the Company, and a Claim is not being made for an Wrongful Employment Practice, there is no coverage under the EPL coverage part of the policy either.

Thus, based on the foregoing, no coverage will be afforded for this Claim under the Policy. In the event you disagree with our position, please advise us within the next 30 days.

Additionally, in accordance with regulations promulgated under the California Insurance Code, we are obligated to advise you that if an Insured believes that coverage under an insurance policy has been wrongfully denied, in whole or in part, the Insured may have the matter reviewed by the California Department of Insurance. The Department can be contacted at: California Department of Insurance, Claims Service Bureau, 11th Floor, 300 South Spring Street, Los Angeles, CA 90013, (213) 897-5961 or (800) 927-4357 (in California only).

Please be advised that the foregoing comments are made subject to a full reservation of all of Continental's, remedies and defenses under the Policy and applicable law. Neither this letter nor any other act on behalf of Continental should be construed as waiving any such rights, remedies or defenses.

Sincerely yours,

Joy Sable
Claims Consultant

# EXHIBIT F

SQUIRE    SANDERS | LEGAL
COUNSEL
WORLDWIDE

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887

Direct: +1.415.954.0288
eamiller@ssd.com

March 20, 2007

**VIA FACSIMILE**

Ms. Joy Sable
Claims Consultant
Global Specialty Lines
CNA Insurance Companies
1100 Cornwall Road
Floor 3
Monmouth Junction, NJ 08852-0904
Facsimile: 1.732.398.5076

Re:    **Insured:  The Focal Point, LLC**
       **Policy No.: 268060719**
       **Issuing Company:  Continental Casualty Company**
       **Policy Period: 12/1/2006 - 12/1/2008**
       **Limit of Liability:  $2,000,000**
       **Claimant:  Brian Ward**
       **Claim No.:  SM000390**

Dear Ms. Sable:

We disagree with your February 5, 2007 letter in the strongest terms. You have taken what The Focal Point thought was a package policy providing them maximum protection and rendered it meaningless. In your zeal to deny coverage, you have whip-sawed them between the Directors' and Officers' coverage and the Entity Liability coverage. Our clients assumed that if a claim such as this was not covered under the Directors and Officers coverage part, it *would* be covered under the Entity Liability part.

Your declination -- particularly under the Entity Liability part -- ignores the fundamental nature of this claim and the policy itself. You asked to see a copy of the LLC Operating Agreement, which we provided. As you know, the Operating Agreement broadly requires the Entity to defend and indemnify the members from claims such as this. Your simplistic conclusion that there is no coverage because there is no claim against the Entity demonstrates a desire to ignore the obvious implications of Mr. Ward's

SANFRANCISCO/211621.2

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH    CARACAS • RIO DE JANEIRO • SANTO DOMINGO    BRATISLAVA • BRUSSELS • BUDAPEST • FRANKFURT • LONDON • MOSCOW
PRAGUE • WARSAW    BEIJING • HONG KONG • SHANGHAI • TOKYO    ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • MILAN • SANTIAGO

Ms. Joy Sable
March 20, 2007
Page 2

SQUIRE, SANDERS & DEMPSEY L.L.P.

claim. Because our clients were at all times working pursuant to the terms of The Focal Point's Operating Agreement, the company needs to defend and indemnify them against this claim. In other words, as you well know, by tendering this action to CNA our clients are making a claim against The Focal Point for that defense and indemnity. CNA must reimburse The Focal Point for these expenses.

The Focal Point is a very small company with quite limited resources. While the company has attempted to settle this matter, those attempts have thus far proven unsuccessful. We expect that the company's expenses in defending this claim will rise sharply and immediately and threaten to destroy everything that Andy Spingler and others have struggled for 17 years to create. We beg you to reconsider your crippling decision and uphold CNA's bargain to protect Andy and his colleagues from Mr. Ward's assault.

We look forward to your speedy response.

Very truly yours,

Ethan A. Miller

EAM/sld
Our File: 58839.00001

# EXHIBIT G



CNA Insurance Companies
1100 Cornwall Road Floor 3 Monmouth Junction NJ 08852-0904

*Joy Sable*

Claims Consultant
Global Specialty Lines
Telephone    732-398-4605
              800-388-4584 x4605
*Facsimile*    732-398-5076
*Internet*     Joy.Sable@cna.com

April 23, 2007

Ethan Miller, Esq.
Squire, Sanders & Dempsey L.L.P
One Maritime Plaza
San Francisco, CA 94111

Re:  Insured: The Focal Point, LLC
Policy No.: 268060719
Issuing Company:  Continental Casualty Company
Policy Period:  12/1/2006-12/1/2008
Limit of Liability: $2,000,000
Retention: $10,000
Claimant:  Brian Ward
Claim No.: SM000390

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

4/23/0

Sent To  *Ethan Milken*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

Dear Mr. Miller:

Please allow this to serve as a response to your letter of March 20, 2007, regarding the above-referenced matter.

As per your request in your March 20 letter, we have taken another look at the coverage issues in this matter. The following summarizes our reconsideration of this matter.

At this time, Continental Casualty Company ("Continental"), must reiterate the positions taken in my letter of February 5, 2007 regarding the denial of coverage under the Director's and Officers Liability Coverage as well as under the Employment Practices Liability Coverage Part.

Continental's position as to the Entity Liability Coverage is as follows.

Please take note of Section II., DEFINITIONS, in the Entity Liability Coverage Part that sets forth the following definition of what constitutes a "Claim" under this Coverage Part:

1. Claim means;

    a.  written demand for monetary damages or non-monetary relief,

    b.  a civil or criminal adjudicatory proceeding or arbitration,

    c.  a formal administrative or regulatory adjudicatory proceeding,

against Named Company or any Subsidiary, including any appeal therefrom

As per the above-referenced definition, and based upon information currently available, it does not appear that an actual Claim has been made against the Named Company or any Subsidiary. As stated in my letter of February 5, 2007, the claimant's letter that has been submitted to Continental in support of this claim, specifically states that Mr. Ward "does not have any claim against, or dispute with, TFP (The Focal Point). We note, however, that Section VII. 2 of the Policy also provides that "if, during the policy period, the Named Company Insureds first become aware of a specific Wrongful Act which may reasonably give rise to a future claim and during such period gives written notice to the insurer, then any Claim otherwise covered pursuant to a Coverage Part which is subsequently made and which arises out of such Wrongful Act shall be deemed to have been first made and reported to the Insurer by the Named Company Insureds at the time such written notice was received by the Insurer. No coverage is provided for fees and expenses incurred prior to the time such notice results in a Claim.".

Because an actual Claim has not been made under the Entity Liability Coverage Part against the Named Company or any Subsidiary, we are presently treating this matter as a purported notice of a potential Claim under Section VII. 2 of the Policy. We would appreciate you advising us immediately should there be any further activity with regard to this matter.

Please be advised that the foregoing comments are made subject to a full reservation of all of Continental's, remedies and defenses under the Policy and applicable law. Neither this letter nor any other act on behalf of Continental should be construed as waiving any such rights, remedies or defenses.

Sincerely yours,

Joy Sable
Claims Consultant

Cc: Debbie Evans
California Ins. Center
3697 Mt. Diablo Blvd. #306
Lafayette, CA 94549

# EXHIBIT H



July 25, 2007

<u>By Facsimile and First Class Mail</u>

Ms. Joy Sable
Claims Consultant
CNA Insurance Companies
Global Specialty Lines
1100 Cornwall Road, Floor 3
Monmouth Junction, NJ 08852-0904

Dear Ms. Sable:

Although this point has been made abundantly clear to you on at least three occasions, your latest denial dated July 19, 2007 indicates that CNA seems unwilling to grasp the simplest and clearest of facts. Lest there be any remaining question, please find attached a written demand made to the entity, namely The Focal Point LLC, seeking defense and indemnity relating to the Ward matter with which I hope you are intimately familiar. The entity is obligated to provide such defense and indemnity to these individuals under the provisions of the Operating Agreement, with which you should also be familiar by now. This claim has been delivered to me in my role as registered agent for The Focal Point LLC.

Our understanding is that Mr. Ward has now retained Ken Hausman, Esq. at Howard, Rice, Nemerovski, Canady, Falk and Rabkin as trial counsel. This matter is of the utmost urgency. **PLEASE** honor your obligations and immediately confirm that CNA will cover this claim.

Sincerely,

Andrew M. Spingler

On behalf of the entity The Focal Point LLC

Cc:
Scott P. Hilton
Linda W. Spingler
G. Christopher Ritter

**The Focal Point LLC**

501 14th Street, Suite 200
Oakland, California 94612
510.208.1760 Phone
510.208.1761 Fax
www.thefocalpoint.com

Received Fax :          Jul 25 2007 7:02PM    Fax Station :    THE FOCAL POINT LLC              P. 2

07/25/2007 17:02 FAX 510 208 1761         THE FOCAL POINT            → LINDA HOME         ☒002

July 25, 2007

Andrew M. Spingler
The Focal Point LLC
501 14th Street, 2nd Floor
Oakland, CA 94612

Dear Mr. Spingler,

This letter is being sent to you in your capacity as the registered agent of The Focal Point LLC, as provided in the Second Amended and Restated Operating Agreement. Each of the individuals listed below is entitled to and has demanded defense and indemnity from The Focal Point LLC with respect to claims made against each of them individually and collectively by Brian Ward.

Best Regards,

Andrew M. Spingler/GCR

Andrew M. Spingler

Scott P. Hilton/GCR

Scott P. Hilton

LINDA W. Spingler/GCR

Linda W. Spingler

G. Christopher Ritter

G. Christopher Ritter



**The Focal Point LLC**

501 14th Street, Suite 200
Oakland, California 94612
510.208.1760 Phone
510.208.1761 Fax
www.thefocalpoint.com

# FAX

From: Andrew M. Spingler

To: Joy Sable

Date: July 25, 2007

Firm: CNA Insurance Companies

Fax: 732-398-5076

Phone: 609-860-2348

Subject:

Case Reference:

Total Pages: 3

Cc:

Comments

URGENT. PLEASE RESPOND IMMEDIATELY.

Classification

☐ Urgent       ☐ For Review       ☐ Please Comment       ☐ Reply Requested.

This information is intended solely for use by the individual or entity named as the recipient hereof and may contain confidential information. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately and destroy all pages related to the incorrect transmission.

# EXHIBIT I



CNA Insurance Companies
1249 South River Road, Cranbury, NJ 08512

**Joy Sable**
Claims Consultant
Global Specialty Lines
Telephone   609-860-2348
Facsimile    609--5076
Internet      Joy.Sable@cna.com

July 31, 2007

Andrew M. Spingler
The Focal Point LLC
501 14th Street, Suite 200
Oakland, CA 94612

Re:  Insured: The Focal Point, LLC
Policy No.: 268060719
Issuing Company:  Continental Casualty Company
Policy Period:  12/1/2006-12/1/2008
Limit of Liability: $2,000,000
Retention: $10,000
Claimant:  Brian Ward
Claim No.: SM000390

Dear Mr. Spingler:

Please allow this to serve as a response to your letter of July 25, 2007 regarding the above-referenced matter.

It appears that you are now tendering this matter as a claim by the individual Managers of the L.L.C against the Entity, The Focal Point, for reimbursement of any costs associated with the Ward matter.  Please note that Continental's position remains that which I have previously set forth in numerous correspondence to yourself as well as other parties previously associated with this matter.  In addition, in light of your renewed request for coverage based upon the Company's Operating Agreement, please be advised of the following additional reason there is no coverage for this matter under this policy:

Please note Section III. of the Entity Coverage Part of the Policy, which states the following:

III. <u>Exclusions Applicable to All Loss</u>

The Insurer shall not be liable to pay any Loss under this Coverage Part in connection with any Claim made against Named Company or any Subsidiary:

      I.    for breach of any written or oral contract or agreement,
           provided this exclusion shall not apply to the extent that
           Named Company or such Subsidiary would have been liable
           in the absence of such contract or agreement;

As the individual Managers are now seeking coverage based upon an alleged breach of the Company's Operating Agreement, the above-referenced exclusion is clearly another reason there is no coverage under the Policy for this matter. This is just an additional reason there is no coverage for this matter, as all other positions previously enunciated also still apply as well.

In addition, please note that this matter appears to clearly be a case of infighting taking place between the various Managers/Owners of The Focal Point. This appears to be an internal business dispute amongst Owners of the Company. This is not the type of matter intended to be covered by Director and Officer Liability Coverage; that is coverage to protect either a Company or their Managers, Directors and Officers, from outside liabilities associated with their role as Managers of the Company. Internal business disputes amongst Managers or Directors concerning the financial value of their interests in the company, is not the type of conduct that D&O Insurance is meant to provide protection for.

Again, as the facts and circumstances currently exist, there is no coverage for this matter under the above-referenced policy.

Please be advised that the foregoing comments are made subject to a full reservation of all of Continental's, remedies and defenses under the Policy and applicable law. Neither this letter nor a other act on behalf of Continental should be construed as waiving any such rights, remedies or defenses.

Sincerely yours,

Joy Sable
Claims Consultant

# EXHIBIT J



1249 South River Road  Floor 2nd  Cranbury  NJ  08512

August 13, 2007

Ethan A. Miller, Esq.
Squire Sanders & Dempsey LLP
One Maritime Plaza, Suite 300
San Francisco, CA 94111

Re:  Insured: The Focal Point, LLC
Policy No.: 268060719
Issuing Company:  Continental Casualty Company
Policy Period:  12/1/2006-12/1/2008
Limit of Liability: $2,000,000
Retention: $10,000
Claimant:  Brian Ward
Claim No.: SM000390

*Jennifer A. Faas, Esq.*

Director
CNA Global Specialty Lines
Commercial Accounts Claim

Telephone   609-860-2343
Facsimile   609-655-6614
Email       Jennifer.Faas@cna.com

**RECEIVED**

AUG 1 6 2007

Squire, Sanders & Dempsey LLP
San Francisco

Dear Mr. Miller:

Please allow this to serve as a response to your August 1, 2007 letter to Joy Sable regarding the above-referenced matter.  We have again reviewed the file in light of your correspondence and must inform you that Continental Casualty Company ("the Company") stands by its denial of coverage for this matter as set forth in Ms. Sable's prior correspondence with you, Christopher Ritter and Andrew Spingler.  Therefore, the Company will not be providing a defense or taking any further action with regard to this matter.  Should you wish to discuss this matter further, please feel free to contact myself or Ms. Sable.

Additionally, in accordance with regulations promulgated under the California Insurance Code, we are obligated to advise you that if an Insured believes that coverage under an insurance policy has been wrongfully denied, in whole or in part, the Insured may have the matter reviewed by the California Department of Insurance.  The Department can be contacted at: California Department of Insurance, Claims Service Bureau, 11th Floor, 3000 South Spring Street, Los Angeles, CA  90013, (213) 897-5961 or (800) 927-4357 (in California only).

Please be advised that the foregoing comments are made subject to a full reservation of all of the Company's rights, remedies and defenses under the Policy and applicable law.  Neither this letter nor any other act on behalf of the Company should be construed as waiving any such rights, remedies or defenses.

Very truly yours,

Jennifer A. Faas

cc:    Joy Sable, Esq.
       CNA Global Specialty Lines
       Commercial Accounts Claim