1  Monique M. Fuentes (#205501)
       (mfuentes@rdblaw.com)
2  ROSS, DIXON & BELL, LLP
   5 Park Plaza, Suite 1200
3  Irvine, California 92614-8529
   Telephone: (949) 622-2700
4  Facsimile: (949) 622-2739

5  Richard A. Simpson (*Pro hac vice*)
       (rsimpson@rdblaw.com)
6  ROSS, DIXON & BELL, LLP
   2001 K Street, NW
7  Washington, DC 20006-1040
   Telephone: (202) 662-2000
8  Facsimile: (202) 662-2190

9  *Attorneys for Defendant Continental Casualty Company, on
   behalf of itself and "CNA Insurance Company, Inc.," which is
10 not a legal entity*

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FOCAL POINT, LLC, a California limited liability company; ANDREW SPINGLER; LINDA SPINGLER; G. CHRISTOPHER RITTER; and SCOTT HILTON,<br><br>Plaintiffs,<br><br>v.<br><br>CNA INSURANCE COMPANY, INC.; CONTINENTAL CASUALTY COMPANY,<br><br>Defendants. | No. C07-05764 MHP<br><br>**DEFENDANT CONTINENTAL CASUALTY COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Notice of Motion; Memorandum of Law and Declaration of J. Faas Filed Concurrently Herewith; [Proposed] Order Lodged Concurrently Herewith]<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br>Dept. 15 |

**PLEASE TAKE NOTICE** that Defendant Continental Casualty Company hereby requests the Court to take judicial notice of the following document pursuant to Federal Rule of Evidence 201:

- March 3, 2008 Case Management Conference Transcript for *The Focal Point, LLC, et al. v. CNA Insurance Company, et al.*, Case No. C07-05764 MHP (N.D. Cal.). A true and correct copy of the March 3, 2008 Transcript is attached hereto as Exhibit 1.

Dated: April 4, 2008

Respectfully submitted,

ROSS DIXON & BELL, LLP

By:   /s/ Richard A. Simpson
     Richard A. Simpson
     Monique M. Fuentes

*Attorneys for Defendant Continental Casualty Company, on behalf of itself and "CNA Insurance Company, Inc.," which is not a legal entity*

# EXHIBIT 1

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3         BEFORE THE HONORABLE MARILYN HALL PATEL, JUDGE

 4   ------------------------------)
                                   )
 5   The Focal Point, LLC, et al., )
                                   )
 6                  PlaintiffS,    )
                                   )
 7      v.                         )   No. C 07-5764 (MHP)
                                   )
 8   CNA Insurance Company, Inc.,  )
     et al.,                       )
 9                                 )
                    Defendants.    )   San Francisco, California
10                                 )   Monday, March 3, 2008
     ------------------------------)      (16 pages)
11

12                   TRANSCRIPT OF PROCEEDINGS

13   APPEARANCES:

14   For Plaintiffs:        Squire, Sanders & Dempsey, LLP
                            One Maritime Plaza
15                          Suite 300
                            San Francisco, California 94111
16                     BY:  ETHAN A. MILLER
                            DANIEL T. BALMAT
17
     For Defendants:        Ross, Dixon & Bell, LLP
18                          Five Park Plaza
                            Suite 1200
19                          Irvine, California 92614
                       BY:  MONIQUE M. FUENTES
20

21

22

23

24

25
```

CONNIE KUHL, RMR, CRR
Official Reporter - U.S. District Court  (415) 431-2020

```
 1  Monday, March 3, 2008
 2                                                    (4:20 p.m.)
 3          DEPUTY CLERK:  07-5764, The Focal Point versus CNA
 4  Insurance Company.
 5          Will counsel please state your appearances for the
 6  record?
 7          THE COURT:  May I have your appearances, please?
 8          MR. MILLER:  Good afternoon.  Ethan Miller and Dan
 9  Balmat for plaintiff, The Focal Point.
10          MS. FUENTES:  Monique Fuentes for defendant
11  Continental and CNA.
12          THE COURT:  You get to interpret the policies.
13          MS. FUENTES:  I get the joy of interpreting insurance
14  policies.
15          THE COURT:  What's a nice woman like you doing this
16  kind of stuff?
17          MS. FUENTES:  I don't know, just fell into it about
18  eight years ago.
19          THE COURT:  And with respect to what the under -- you
20  know the background of this case is, is this the one that
21  involved -- no, this did not involve a lawsuit in New Mexico,
22  did it?
23          MR. MILLER:  No, your Honor.
24          THE COURT:  That's the other case with the two
25  insurance companies suing each other.
```

```
 1              MR. MILLER:  No.
 2              THE COURT:  This is the --
 3              MR. MILLER:  If I could assist, your Honor.
 4              THE COURT:  What exactly is the nature of this group
 5   from which Mr. Ward was expelled?
 6              MR. MILLER:  That's a good question.  The entity is
 7   called The Focal Point, and you probably have seen their work
 8   in this line of work.  They are a trial graphics and consulting
 9   outfit.  And they work with local law firms and law firms
10   around the country to prepare graphics for trial and work with
11   the jury in working up cases, and particularly with
12   demonstratives and that sort of thing.
13              THE COURT:  Now, what is the particular gravamen of
14   Ward's claim such that there is a claim apparently against,
15   what, the insurance policy?
16              MR. MILLER:  Brian Ward and my clients had a falling
17   out in the fall -- in the summer and fall of 2006 as a result
18   of which he was expelled from The Focal Point and has alleged
19   breach of fiduciary duty and other allegations against The
20   Focal Point.
21              The case has since settled.  It's settled about three
22   weeks ago, or a month ago.  We tendered the Ward claim to CNA,
23   the DNO and entity liability carrier.  CNA declined to defend
24   or indemnify for the claim, and that's where we find ourselves
25   now.
```

```
 1            THE COURT:  Now, was the claim -- was the suit or
 2   whatever the claim was that was made made against Focal Point,
 3   LLC and certain members of that corporation or just one or the
 4   other or what?
 5            MR. MILLER:  That gets right to the rub.  Brian Ward,
 6   the underlying claimant, in attempting apparently to preclude
 7   any access to insurance for this, purported to make his claim
 8   only against the individual members and not against The Focal
 9   Point itself.  But of course The Focal Point itself under their
10   operating agreement is responsible for any claims made against
11   the members in the course of their conduct.  And in any event,
12   in the very letter that Mr. Ward asserts his claim in, he says
13   that The Focal Point is responsible and will have to pay any
14   ultimate judgment.
15            So there are both, your Honor.  There's both a claim
16   against The Focal Point and the individual members themselves,
17   and this gets into the next question, which is because CNA -- I
18   don't want to preargue our pending motion which we do have on
19   file, but the position CNA has taken is that now in fact there
20   is no claim against The Focal Point itself; there's only a
21   claim against the individuals.
22            Well, once CNA said that -- even though it was not, in
23   our opinion, not the case -- our clients then didn't have any
24   choice but to present their claim to The Focal Point under the
25   terms of their operating agreement.
```

CERTIFICATE OF REPORTER

I, Connie Kuhl, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 07-5764 (MHP), The Focal Point, LLC, et al., v. CNA Insurance Company, Inc., et al., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Connie Kuhl, RMR, CRR

Monday, March 10, 2008